## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, an Arizona corporation<br><br>        Plaintiff,<br><br>   v.<br><br>GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation, DYNAMIC FIRE PROTECTION, a Mississippi limited liability company<br><br>        Defendants. | CIVIL ACTION<br><br>JUDGE:<br><br>MAGISTRATE:  1:20cv29-SA-RP |

### NAUTILUS INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

Nautilus Insurance Company ("Nautilus"), the plaintiff, files this Complaint for Declaratory Judgment, and with respect, alleges as follows:

### NATURE OF THE ACTION

1. This is an action under Rule 57, Fed. R. Civ. P., and 28 U.S.C. § 2201 for declaratory judgment. Nautilus requests that this Court declare and determine that no coverage exists for the allegations made against defendant, Dynamic Fire Protection, LLC ("Dynamic"), in the complaint filed by defendant Great American Insurance Company ("Great American") a/s/o CDA Hospitality LLC ("CDA") against Dynamic in the Circuit Court of Oktibbeha County, State of Mississippi, on December 28, 2018, Civil Action no. 2019-0003-CVC (the "Underlying Action").[1]

### PARTIES

2. Plaintiff, Nautilus, is an insurance company authorized to write insurance in Mississippi

---

[1] Exhibit A, Complaint (Underlying Action, December 28, 2018).

on a surplus lines basis; it is a corporation organized under the laws of Arizona and its principal place of business is in Arizona.[2] It is therefore a citizen of Arizona.

3. Defendant, Great American, is an admitted carrier in Mississippi; it is a corporation organized under the laws of Ohio and its principal place of business is in Ohio.[3] It is therefore a citizen of Ohio.

4. Defendant, Dynamic, is a Mississippi Limited Liability Company, and its members are Paul L. Lomen, a resident of Mississippi, Michael R. Henderson, a resident of Mississippi, and Mark W. Lomen, a resident of Mississippi.[4] It is therefore a citizen of Mississippi.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and the plaintiff is a citizen of a different state than each defendant.

6. Venue is proper in the United States District Court for the Northern District of Mississippi. The Underlying Action was filed in Oktibbeha County and arose out of Dynamic engaging in a business in Oktibbeha County, Great American insured property in Oktibbeha County, and Nautilus issued insurance policies to Dynamic in Oktibbeha County.

7. This Court has specific personal jurisdiction over the defendants because the declaratory judgment action arises out of insurance policies issued in Mississippi to Mississippi legal entities or residents.

## FACTUAL BACKGROUND

8. The Underlying Action is for alleged property damage that purportedly occurred on

---

[2] https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber=01795423. (last visited February 4, 2020)

[3] https://www.mid.ms.gov/licensing-search/company-search-results.aspx?LicNbr=7700714; https://businesssearch.ohiosos.gov/. (last visited February 4, 2020)

[4] https://corp.sos.ms.gov/corp/portal/c/page/corpBusinessIdSearch/portal.aspx?#. (last visited February 4, 2020)

January 7, 2017[5] at a Microtel Inn & Suites (the "Hotel") owned by CDA located at 1121 Highway 182 East, Starkville, Mississippi.[6]

9. Great American issued an insurance policy to CDA covering commercial property risks.

10. Allegedly, CDA hired Dynamic to maintain and inspect the fire sprinkler system in the Hotel, and on January 7, 2017, a water line froze and burst due to the water left in the pipes from previous tests performed by Dynamic.[7]

11. Microtel made a claim against Great American under its commercial property policy, and Great American eventually paid CDA $1,466,914.43 for

- Water Damage-$425,000.00,

- Business Income Loss-$496,015.18,

- Structural Damage-$222,713.62,

- Furniture Fixtures and Equipment-$215,601.49,

- Business Personal Property-$1,548.24, and

- Building Damage-$101,035.90.

12. Great American claims that it is subrogated to CDA's right of recovery to the extent of the payment made.[8]

**Complaint in Underlying Action**

13. On December 28, 2018, Great American sued Dynamic in the Circuit Court of Oktibbeha County, alleging that Dynamic was negligent in leaving water in the sprinkler system's

---

[5] Complaint, ¶10.

[6] *Id.*

[7] *Id.*, ¶11.

[8] *Id.*, ¶13.

pipe from a previous inspection, that it paid CDA $1,466,914.43 for the alleged loss and it is subrogated to CDA's rights against Dynamic.

**Great American's Motion for Final Judgment After Default Against Dynamic**

14. On November 18, 2019, Great American moved for entry of a final default judgment against Dynamic.[9]

15. In its Motion, Great American asserted that it filed a Complaint against Dynamic on January 2, 2019 and Dynamic was served via personal service on January 28, 2019.[10]

16. The Motion asserts further that Dynamic failed to file or serve Answers or other appropriate pleadings directed to Great American's complaint within twenty days from the date of service.[11]

17. As of the date of motion, Great American averred that Dynamic had not filed or served an Answer or other pleading directed to Great American's Complaint.[12]

18. Great American asserted that it was entitled to entry of final default judgment[13] and sought damages in the amount of $1,466,014.42.[14]

**Order for Default Final Judgment**

19. On December 6, 2019, Judge Lee Coleman signed an "Order for Default Final Judgment," entering a default final judgment of $1,466,914.43 in favor of Great American and

---

[9] Exhibit B, Motion for Final Judgment After Default (November 18, 2019).

[10] *Id.*, ¶ 1-3.

[11] *Id.*, ¶ 5.

[12] *Id.*, ¶7.

[13] *Id.*

[14] *Id.*, ¶8.

against Dynamic.[15]

20.  Under Rule 4 of Mississippi Rules of Appellate Procedure, Dynamic had 30 days from December 6, 2019 or until January 6, 2020 to appeal the default judgment. The default judgment thus became final and not appealable on January 7, 2020.

**Notice of Claim or Suit to Nautilus**

21.  Nautilus did not receive notice of Great American's suit against Dynamic and Great American's claim that Dynamic was legally liable for the alleged January 7, 2017 incident until 2:17 PM on Friday, January 3, 2020.[16] And Nautilus did not receive notice from Dynamic but rather from Great American's counsel through Nautilus's insurance broker.[17]

**The Nautilus Policies**

**The Primary Policy**

22.  Nautilus issued Environmental Combined Policy No. ECP2004369-15 (the "Primary Policy") to Dynamic with effective dates of December 30, 2016 to December 30, 2017.[18] The Policy is written in part on the ECPO 1000 10 06 Environmental Combined Policy Form, which provides the following coverages, among others:

- Coverage A - Bodily Injury and Property Damage,

- Coverage E - Professional Liability

---

[15]  Exhibit C, Order for Default Final Judgment (December 6, 2019).

[16]  Exhibit D, Acord Form (January 2, 2020); Exhibit E, Email from Fisher Brown Bottrell Insurance, Inc. to Berkley Environmental, January 3, 2020.

[17]  Acord Form.

[18]  Exhibit F, Primary Policy, Policy No. ECP2004369-15.

23. The Environmental Combined Policy Supplemental Declarations list a Commercial General Liability (CGL) limit of $1,000,000 each occurrence, and a Professional Liability Limit of $1,000,000 each claim.

24. The Environmental Combined Policy Form provides, in part:

## SECTION I – COVERAGES

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

   a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury** or **property damage** in excess of the deductible or self-insured retention, if any, to which this insurance applies. We will have the right and duty to defend the insured against any **suit** seeking those damages…

                       \*         \*         \*

2. **Exclusions**

   This insurance does not apply to:

   a.    **Other Coverages**

         Anything covered under any other Coverage Part contained in this policy.

                       \*         \*         \*

   c.    **Contractual Liability**

         **Bodily injury or property damage** for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

         **(1)**    That the insured would have in the absence of the contract or agreement…

                       \*         \*         \*

   j.    **Damage To Your Product**

         Property damage to your product arising out of it or any part of it.

   k.    **Damage to Your Work**

**Property damage** to **your work** arising out of it or any part of it and included in the **products-completed operations hazard**.

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

l.   **Damage To Impaired Property Or Property Not Physically Injured**

**Property damage** to **impaired property** or property that has not been physically injured, arising out of:

(1)   A defect, deficiency, inadequacy or dangerous condition in **your product** or **your work**; or

(2)   A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to **your product** or **your work** after it has been put to its intended use.

\*         \*         \*

25.   The Environmental Combined Policy Form provides further:

## COVERAGE E PROFESSIONAL LIABILITY

1.   **Insuring Agreement**

a.   We will pay those sums that the insured becomes legally obligated to pay as damages in excess of the deductible or self-insured retention, if any, that result from **professional services** to which this insurance applies. The damages must result from an actual or alleged act, error or omission in the performance of **professional services** rendered by the insured. . . .

\*         \*         \*

b.   This insurance shall only apply if:

(1)   The claim is first made against the insured and reported to the Insurer, in writing, during the policy period, or Extended Reporting Period, if applicable; and

(2)   The actual or alleged act, error or omission takes place in the **coverage territory**; and

(3)   The actual or alleged act, error or omission takes place on or after the Retroactive Date, if any, shown in the Declarations and before the end of the policy period.

2.      **Exclusions**

*Refer also to Section II – Shared Exclusions for additional exclusions.*

This insurance does not apply to:

a.      **Other Coverages**

Anything covered under any other Coverage Parts contained in this policy.

\*      \*      \*

e.      **Contractual Liability**

Damages based upon or arising out of the liability of others assumed by an insured under any contract or agreement. This exclusion does not apply to liability for damages:

(1)     Assumed in a contract or agreement that is an **insured contract**, provided the actual or alleged act, error or omission occurs subsequent to the execution of the contract or agreement; or

(2)     That the insured would have in the absence of the contract or agreement.

f.      **Products Liability**

Damages arising out of **your product**. This includes, but is not limited to, any **property damage** to **your product**.

\*      \*      \*

k.      **Damage To Property**

Damages based upon or arising out of **property damage** to:

\*      \*      \*

(5)     That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the **property damage** arises out of those operations; or

(6)     That particular part of any property that must be restored, repaired or replaced because **your work** was incorrectly performed on it.

\*      \*      \*

**SECTION II – SHARED EXCLUSIONS**

**EXCLUSIONS APPLICABLE TO COVERAGES A, B, D, AND E.**

This insurance does not apply to:

\*     \*     \*

**4.     Fines And Penalties**

Any claim seeking payment of:

**a.**     Fines, penalties, or multiplied damages;

**b.**     Punitive or exemplary damages, except where allowable by law; or

**c.**     The cost of injunctive relief based upon or arising out of non-compliance with any statute, regulation, ordinance or administrative complaint.

\*     \*     \*

**EXCLUSIONS APPLICABLE TO COVERAGES A AND B**

This insurance does not apply to:

**6.     Professional Liability**

Bodily injury, property damage or personal and advertising injury based upon or arising out of the rendering of or failure to render professional services.

\*     \*     \*

**SECTION IV - LIMITS OF INSURANCE**

**1.**     The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

**a.**     Insureds;

**b.**     Claims made or **suits** brought; or

**c.**     Persons or organizations making claims or bringing **suits**.

\*     \*     \*

26. The Environmental Combined Policy Form also provides:

**SECTION V - POLICY CONDITIONS**

\*     \*     \*

**3.     Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.**     You must see to it that we are notified as soon as practicable of an **occurrence** or an offense which may result in a claim or **suit**. To the extent possible, notice should include:

**(1)**     How, when and where the **occurrence** or offense took place;

      **(2)**    The names and addresses of any injured persons and witnesses; and

      **(3)**    The nature and location of any injury or damage arising out of the **occurrence** or offense.

**b.**    If a claim is made or **suit** is brought against any insured, you must:

      **(1)**    Immediately record the specifics of the claim or **suit** and the date received; and

      **(2)**    Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or **suit** as soon as practicable.

**c.**    You and any other involved insured must:

      **(1)**    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or **suit**;

      **(2)**    Authorize us to obtain records and other information;

      **(3)**    Cooperate with us in the investigation or settlement of the claim or defense against the **suit**; and

      **(4)**    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.**    No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**e.**    At the time you become aware of an act, error or omission to which this policy applies, if during the policy period you give us written notice containing the following:

      **(1)**    Details of the actual or alleged act, error or omission and the **professional services** rendered by you or on your behalf;

      **(2)**    The specific nature of the damages which have been sustained; and

      **(3)**    Details of how you first became aware of such act, error or omission;

then any claim that may subsequently be made against you arising out of such act, error or omission shall be deemed to have been made on the date we first received written notice of the act, error or omission.

This act, error or omission reporting provision shall terminate at the end of the policy period and shall not exist during the Automatic Extended Reporting Period or the Supplemental Extended Reporting Period.

* * *

5. **Legal Action Against Us**

No person or organization has a right under this policy:

* * *

 b. To sue us on this policy unless all of its terms have been fully complied with.

* * *

27. Likewise, the Environmental Combined Policy Form provides:

**SECTION VII – DEFINITIONS**

* * *

9. **Impaired Property** means tangible property, other than **your product** or **your work**, that cannot be used or is less useful because:

 a. It incorporates **your product** or **your work** that is known or thought to be defective, deficient, inadequate or dangerous; or

 b. You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

 a. The repair, replacement, adjustment or removal of **your product** or **your work**; or

 b. Your fulfilling the terms of the contract or agreement.

* * *

21. **Property Damage** means:

 a. Physical injury to tangible property, including resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it;

 b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the **occurrence** that caused it; or

* * *

{00672074.DOCX;1}          11

25. **Your Product**:

    **a.**    Means:

        **(1)**    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

            **(a)**    You;

            **(b)**    Others trading under your name; or

            **(c)**    A person or organization whose business or assets you have acquired; and

        **(2)**    Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    **b.**    Includes:

        **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **your product**; and

        **(2)**    The providing of or failure to provide warnings or instructions.

    **c.**    Does not include vending machines or other property rented to or located for the use of others but not sold.

26. **Your Work**:

    **a.**    Means:

        **(1)**    Work or operations performed by you or on your behalf; and

        **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

    **b.**    Includes:

        **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **your work**, and

        **(2)**    The providing of or failure to provide warnings or instructions.

*     *     *

28. The Policy has the following endorsements:

<strong>Deductible Endorsement</strong>

This endorsement forms a part of the policy to which it is attached. Please read it carefully.

**DEDUCTIBLES:**

Coverage A Bodily Injury and Property Damage Liability: $5,000

\*        \*        \*

Coverage E Professional Liability: $5,000

In consideration of the premium charged, and notwithstanding anything contained in this policy to the contrary, it is hereby agreed that such coverage as is afforded by this policy shall be subject to the following additional provisions:

Our obligation under Coverage A Bodily Injury and Property Damage Liability, Coverage B Personal and Advertising Injury Liability, Coverage D Contractors Pollution Liability and Coverage E Professional Liability to pay damages, or our obligation to pay Supplementary Payments (defense costs and expenses) under Coverage D Contractors Pollution Liability or Coverage E Professional Liability, on your behalf applies only in excess of the deductible amounts stated above. . . .

\*        \*        \*

### Amendment to the Definition of Professional Services

This endorsement modifies insurance provided under the following:

**SECTION VII - DEFINITIONS** paragraph 20. Professional Services is deleted in its entirety and replaced as follows:

**Professional Services** means those professional services by you or on your behalf including, but not limited to, engineer, consultant, supervisory or inspection activities, construction manager by agency, architect or surveyor.

**The Excess Policy**

29. Nautilus issued Excess Policy No. FFX2004370-15 (the "Excess Policy") to Dynamic with effective dates of December 30, 2016 to December 30, 2017.[19]

30. The Excess Policy is written, in part, on the FFX 8000 10 06 Excess Liability Insurance Policy Form. This Form provides, in part:

**I.        INSURING AGREEMENT**

Subject to the applicable limits of insurance, we will pay those sums that the Insured becomes legally obligated to pay as **damages** in excess of the self-insured

---

[19] Exhibit G, Excess Policy, Policy No. FFX2004370-15.

retention and all **Underlying Insurance**, but only after all **Underlying Insurance** has been exhausted by payment of the limits of such insurance. This insurance is subject to the same terms, conditions, agreements, exclusions and definitions as the **Underlying Insurance** except with respect to any provisions to the contrary contained in this insurance. No other obligation or liability to pay sums or perform acts or services is covered. In no event shall this policy grant broader coverage than would be provided by any **Underlying Insurance**. . . .

II. **LIMITS OF INSURANCE**

\*          \*          \*

2. Notwithstanding anything to the contrary, if any **Underlying Insurance** excludes or otherwise does not cover **damages** (for reasons other than the exhaustion of the **Underlying Limits**), then this policy will not provide coverage for such **damages**. . . .

\*          \*          \*

III. **DEFINITIONS**

1. **Damages** means money damages.

\*          \*          \*

4. **Underlying Insurance** means the liability insurance provided under the policy or policies shown in the Schedule of Underlying Insurance.

5. **Underlying Limits** means the limits of liability as set forth in the Schedule of Underlying Insurance, plus self-insured retentions or deductibles applicable to the **Underlying Insurance**.

\*          \*          \*

V. **NOTIFICATION, SETTLEMENT AND DEFENSE**

1. As a condition precedent to the obligations of us under this policy, you must see to it that we are notified as soon as practicable of any incident that may result in a claim under this policy. You shall also provide other claim information or reports as reasonably requested by us from time to time.

\*          \*          \*

31. The Excess Policy Declarations identify a policy limit of $6,000,000 for each occurrence and $6,000,000 in the aggregate.

**COUNT I:** **DECLARATORY JUDGMENT THAT NO COVERAGE EXISTS UNDER THE EXCESS POLICY BECAUSE PROMPT NOTICE IS A CONDITON PRECEDENT FOR RECOVERY**

32. Nautilus re-alleges and re-pleads the allegations in the above paragraphs as though set forth herein.

33. The alleged water damage to the Hotel occurred on January 7, 2017; Great American filed suit against Dynamic on December 28, 2018, seeking $1,466,914.43 in damages; and Dynamic was personally served with the Complaint in the Underlying Action on January 28, 2019.

34. The final default judgment was entered against Dynamic on December 6, 2019.

35. Nautilus did not receive notice of the alleged water damage to the Hotel or of the Underlying Suit until Friday, January 3, 2020.

36. Nautilus received notice not from its insured Dynamic but from third-party claimant Great American.[20]

37. Prompt Notice is an express condition precedent for recovery under the Excess Policy. It provides, in part, that "As a condition precedent to the obligations of us under this policy, you must see to it that we are notified as soon as practicable of any incident that may result in a claim under this policy."

38. No coverage exists under the Excess Policy because Dynamic breached an express condition precedent by failing to give Nautilus prompt notice of claim.

39. Nautilus is thus entitled to a declaration that no coverage exists under the Excess Policy.

---

[20] *See* Exhibit D, Acord Form.

**COUNT II:   DECLARATORY JUDGMENT THAT NO COVERAGE EXISTS UNDER THE EXCESS POLICY BECAUSE NAUTILUS WAS PREJUDICED BY LATE NOTICE OF CLAIM**

40.   Nautilus re-alleges and re-pleads the allegations in the above paragraphs as though set forth herein, including, without limitation, paragraphs 33 through 37.

41.   In addition to breaching an express condition precedent for recovery under the Excess Policy, Dynamic's late notice prejudiced Nautilus in numerous ways.   For example, as the Mississippi Supreme Court acknowledged in *Commercial Union Ins. Co. v. Dairyland Ins. Co,*.[21] "[f]ailure to give notice of the legal proceedings and entry of the default judgment in [the insurer's] . . . absence was clearly prejudicial."

42.   No coverage exists under the Excess Policy because Nautilus was prejudice by Dynamic's late notice of the Underlying Suit and the alleged water damage on January 7, 2017.

43. Nautilus is thus entitled to a declaration that no coverage exists under the Excess Policy.

**COUNT III:   DECLARATORY JUDGMENT THAT NO COVERAGE EXISTS UNDER THE PRIMARY POLICY BECAUSE PROMPT NOTICE IS A CONDITON PRECEDENT FOR RECOVERY**

44. Nautilus re-alleges and re-pleads the allegations in the above paragraphs as though set forth herein, including, without limitation, paragraphs 33 through 36.

45.   Prompt Notice is a condition precedent for recovery under the Primary Policy. It provides, in part, that "You must see to it that we are notified as soon as practicable of an occurrence or an offense which may result in a claim or suit" and that "No person or organization has a right under this policy . . . [t]o sue us on this policy unless all of its terms have been fully

---

[21]  584 So. 2d 405, 408 (Miss. 1991).

complied with."

46. No coverage exists under the Primary Policy because Dynamic breached a condition precedent by failing to give Nautilus prompt notice of claim.

47. Nautilus is thus entitled to a declaration that no coverage exists under the Primary Policy.

**COUNT IV:  DECLARATORY JUDGMENT THAT NO COVERAGE
EXISTS UNDER THE PRIMARY POLICY BECAUSE
NAUTILUS WAS PREJUDICED BY LATE NOTICE OF
CLAIM**

48. Nautilus re-alleges and re-pleads the allegations in the above paragraphs as though set forth herein, including, without limitation, paragraphs 33 through 36.

49. In addition to breaching a condition precedent for recovery under the Primary Policy, Dynamic's late notice prejudiced Nautilus in numerous ways. For example, Nautilus was deprived of its right under the Primary Policy to defend Great American's claims against Dynamic or to negotiate a settlement. Likewise, even if the default is set aside, Dynamic reportedly is out of business and thus witnesses and documents may no longer be available to support Dynamic's defenses.

50. No coverage exists under the Primary Policy because Nautilus was prejudiced by Dynamic's late notice of the Underlying Suit and the January 7, 2017 incident.

51. Nautilus is thus entitled to a declaration that no coverage exists under the Primary Policy.

**COUNT V:  DECLARATORY JUDGMENT THAT NO COVERAGE
EXISTS UNDER THE PRIMARY OR EXCESS POLICY BECAUSE NO
CLAIM WAS MADE DURING THE 2016-2017 POLICY YEAR OR
EXTENDED REPORTING PERIOD**

52. Admiral re-alleges and re-pleads the allegations in the above paragraphs as though set

forth herein.

53. Section I of the Primary Policy provides coverage of, among other risks, Coverage A Bodily Injury and Property Damage Liability and Coverage E Professional Liability.

54. Coverage E is written on a "claims made" basis. Nautilus is liable under Coverage E only if "The claim is first made against the insured and reported to the Insurer, in writing, during the policy period, or Extended Reporting Period, if applicable." "Extended Reporting Period" is defined in pertinent part in the Primary Policy as a period that "starts with the end of the policy period and lasts for forty-five (45) days with respect to claims first made against you and reported to us in writing." The Declarations in the Primary Policy identify the policy period as "December 30, 2016 to December 30, 2017."

55. Nautilus did not receive notice of the alleged water damage to the Hotel or of the Underlying Suit until Friday, January 3, 2020.

56. The exclusions applicable to Coverages A and B in the Primary Policy provide, in part, that "[t]his insurance does not apply to . . . property damage . . . based upon or arising out of the rendering of or failure to render professional service." "Professional Services" is defined as "those professional services by you or on your behalf including, but not limited to, engineer, consultant, supervisory or inspection activities, construction manager by agency, architect or surveyor." In the Complaint, Great American avers that the water damage was caused by Dynamic leaving water in a sprinkler pipe after one of its inspections.[22]

57. It thus follows that Coverage E, not Coverage A, covers Great American's suit, and Coverage E does not respond for the suit because a claim was not made during the policy period or extended reporting period.

---

[22] Exhibit A, Complaint, ¶11.

58. Likewise, the Excess Policy provides that "if any Underlying Insurance excludes or otherwise does not cover damages (for reasons other than the exhaustion of the Underlying Limits), then this policy will not provide coverage for such damages."

59. No coverage exists under the Primary Policy or Excess Policy because Nautilus did not receive notice of any claim relating to the January 7, 2017 incident during the December 30, 2016 to December 30, 2017 policy period or the extended reporting period.

60. Because coverage does not exist under the Primary or Excess Policy, Nautilus is entitled to a declaration that no coverage exists under either Policy.

**COUNT VI: DECLARATORY JUDGMENT THAT NO COVERAGE EXISTS UNDER THE PRIMARY OR EXCESS POLICY FOR THE REPAIR OR REPLACMENT OF THE SPRINKLER LINES**

61. Nautilus re-alleges and re-pleads the allegations in the above paragraphs as though set forth herein.

62. The Primary Policy contains exclusions known as business risk/work product exclusions, including the Injury to Work Exclusion, the Damage to Product Exclusion, the Damage to Property Exclusion and the Damage To Impaired Property Or Property Not Physically Injured Exclusion.

63. Likewise, the Excess Policy provides that "if any Underlying Insurance excludes or otherwise does not cover damages (for reasons other than the exhaustion of the Underlying Limits), then this policy will not provide coverage for such damages."

64. The business risk/work product exclusions apply to, among other things, the repair and replacement of Dynamic's faulty work or products.

65. No coverage exists under the Primary or Excess Policies to the extent that the business risk/work product exclusions apply.

66. Because no coverage exists under the Primary and Excess Polices, Nautilus is entitled to a declaration that it has no liability to the extent that those exclusions apply.

**PRAYER FOR RELIEF**

Nautilus therefore requests

a)      A declaration that no coverage exists under the Excess Policy because prompt notice of claim is an express condition precedent for recovery, and Dynamic failed to give Nautilus prompt notice of the Underlying Action or the alleged January 7, 2017 water damage;

b)      A declaration that no coverage exists under the Primary Policy because prompt notice of claim is a condition precedent for recovery, and Dynamic failed to give Nautilus prompt notice of the Underlying Action or the alleged January 7, 2017 water damage;

c)      A declaration that no coverage exists under the Excess and/or Primary Policy because the late notice of claim prejudiced Nautilus under both Policies;

d)      A declaration that no coverage exists under the Primary or Excess Policy because Nautilus did not receive notice of any claim related to the January 7, 2017 incident during the December 30, 2016 to December 30, 2017 policy period or the extended reporting period; and

e)      Alternatively, a declaration that no coverage exists under the Primary or Excess Policy for the repair or replacement of Dynamic's work or products.

Nautilus also prays for its costs in this action and for any other relief to which it is entitled to as a as a matter of law or equity, or which the Court determines to be just and proper.

Respectfully submitted,


___/s/ John M. Futrell_____
JOHN M. FUTRELL (Ms. Bar No. 4326)
DEGAN, BLANCHARD & NASH
400 Poydras Street, Suite 2600
New Orleans, LA  70130
Phone:  (504) 529-3333
Facsimile:  (504) 529-3337
E-mail:  JFutrell@degan.com

**Attorneys for Nautilus Insurance
Company**


Please Serve:

Great American Insurance Company
C T Corporation System of Mississippi
645 Lakeland East Drive
Suite 101
Flowood, MS 39232

Dynamic Fire Protection, LLC
Amber Lomen
9771 Ms Highway 25
Starkville, MS 39759



IN THE CIRCUIT COURT OF OKTIBBEHA COUNTY

STATE OF MISSISSIPPI

GREAT AMERICAN INSURANCE )
COMPANY a/s/o CDA )
HOSPITALITY LLC, )
        Plaintiff, )
         )  Civil Action No  2019 - 0003 - CVC
v. )
         )
DYNAMIC FIRE PROTECTION, )
LLC )
        Defendants )

## COMPLAINT

COMES NOW, Great American Insurance Company, as subrogee of CDA Hospitality

LLC, by and through its undersigned counsel, hereby brings this action against Defendant

Dynamic Fire Protection LLC and states the following

### THE PARTIES

1. Plaintiff Great American Insurance Company, as subrogee of CDA Hospitality LLC, is

a corporation organized and existing under the laws of the State of Ohio with its principal place

of business located at 301 E. Fourth Street, Cincinnati, Ohio 45202.

2. Great American is an insurance company engaged in the business of insuring, among

other things, real and personal property, including property located in the State of Mississippi.

3. At all times relevant to this Complaint, Plaintiff insured the property owned by CDA

Hospitality LLC (the "Insured"), located at 1121 Highway 182 East, Starkville, Mississippi

39759



EXHIBIT

A

4. Defendant Dynamic Fire Protection, LLC ("Defendant") is a limited liability company organized and existing under the laws of the State of Mississippi with its principal place of business located at 1807 Highway 25 South, Starkville, Mississippi, 39759.

5 Defendant Dynamic Fire Protection, LLC's registered agent for service of process in Mississippi is Amber Lomen located at 1807 Highway 25 South, Starkville, Mississippi, 39759.

6. At all times relevant to this Complaint, Defendant Dynamic Fire Protection, LLC was the company hired to perform work at the property owned by Plaintiff.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this action because the amount in controversy exceeds $15,000 00, exclusive interests and costs.

8 Defendant is subject to this Court's jurisdiction for the claims asserted herein because the cause of action arose out of the Defendant operating, conducting, engaging in or carrying on a business venture in Oktibbeha County

9. Venue is proper in Oktibbeha County because Defendant Dynamic Fire Protection, LLC maintains its registered office and agent in Oktibbeha County.

## GENERAL ALLEGATIONS

10. This is an action for property damage that occurred on or around January 7, 2017. The subject property is a building owned by the Insured which is occupied as a Microtel Inn & Suites ("The Hotel") and located at 1121 Highway 182 East, Starkville, Mississippi 39759

11. On or around January 7, 2017 the sprinkler water lines that the Defendant was hired to maintain froze and burst due to the water that was negligently left in the pipes from previous tests performed by the Defendant.

20 Defendant breached its duty by committing one or more of the following negligent, grossly negligent, or reckless acts of commission and/or omission.

    a. Failing to properly supervise, train and oversee the conduct, activities and operations of its employees, agents, servants, workmen, contractors and subcontractors in connection with the maintenance of the sprinkler water lines on the Hotel property;

    b. Failing to use the equipment utilized for maintaining sprinkler water lines in a manner that was proper and adequate for its intended use;

    c. Failing to comply with all of the applicable codes and regulations;

    d. Failing to comply with industry standards.

    e. Otherwise failing to exercise due care as may be disclosed in the course of discovery

21 The loss and damage described herein were proximately caused by the negligence, carelessness, recklessness, gross negligence or negligent acts or omissions of the Defendant by and through its agent, employees or workmen, acting within the scope of the course of their employment

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages in excess of $15,000.00, plus interest and costs, and other such relief as the Court deems just and in proper furtherance of justice

## JURY DEMAND

Plaintiff respectfully requests a trial by jury as to all issues raised herein.

Respectfully submitted this 28 day of December, 2018.

Daniel M. Waide, Esquire
Mississippi Bar No.: 103543
**JOHNSON, RATLIFF & WAIDE, PLLC**
1300 Hardy Street
Hattiesburg, Mississippi 39401
Telephone: (601) 582-4553
dwaide@jhrlaw.net

*Attorney for Plaintiff*

Samuel S. Woodhouse, Esquire
Georgia Bar No.: 755070
**THE WOODHOUSE LAW FIRM, LLC**
260 Peachtree Street, N.W.
Suite 1402
Atlanta, Georgia 30303
Telephone: (404) 214-7200
Facsimile: (404) 214-7202
swoodhouse@woodhouselawfirm.com

*To Be Admitted Pro Hac Vice*


OKTIBBEHA COUNTY
FILED
JAN 02 2019
CIRCUIT CLERK



# IN THE CIRCUIT COURT OF OKTIBBEHA COUNTY

## STATE OF MISSISSIPPI

GREAT AMERICAN INSURANCE COMPANY a/s/o CDA HOSPITALITY LLC, )
)
)
)
    Plaintiff, )
)
v. )   Civil Action No.: 2019-0003-CVC
)
DYNAMIC FIRE PROTECTION, LLC )
)
)
    Defendant. )

## PLAINTIFF'S MOTION FOR FINAL JUDGMENT AFTER DEFAULT AGAINST DYNAMIC FIRE PROTECTION, LLC

Plaintiff Great American Insurance Company ("Plaintiff"), as subrogee of CDA Hospitality, LLC, by and through its undersigned counsel, hereby moves for entry of a default final judgment against Defendants Dynamic Fire Protection, LLC ("Defendant") and states the following:

1. On January 2, 2019 Plaintiff filed a Complaint against Defendant. A copy of the Complaint is attached hereto as Exhibit 1.

2. On January 2, 2019 the Clerk of Court issued a Summons. A copy of the Summons is attached hereto as Exhibit 2.

3. On January 28, 2019, Defendant was served via personal service. A copy of the Affidavit of Service is attached hereto as Exhibit 3.

4. On April 1, 2019, the Affidavit of Daniel M. Waide was filed with the Court regarding service on the Defendant. A copy of the Affidavit of Daniel M. Waide is attached hereto as Exhibit 4.



EXHIBIT
tabbies
B

5. Defendant failed to file or serve Answers or other appropriate pleadings directed to Plaintiff's Complaint within twenty (20) days from the date of service. Accordingly, Plaintiff moved for entry of default against Defendants. A copy of the Clerk's Entry of Default is attached hereto as Exhibit 5.

6. Pursuant to Mississippi Rules of Civil Procedure 55a, a court may enter a default judgment "[w]hen a party against whom affirmative relief is sought has failed to plead or otherwise defend."

7. As of the date of this Motion for Default Final Judgment, Defendants have not filed or served an Answer or other appropriate pleading directed to Plaintiff's Complaint. Accordingly, Plaintiff is entitled to entry of a final default judgment against Defendants.

8. Plaintiff is seeking damages in the amount of $1,466,914.43 in its default final judgment.

9. The damages sought herein are liquidated in that the amount to be awarded can be ascertained by the cause of action plead.

10. In support of the damages being sought, Plaintiff submits the attached Affidavit of Russell Staab, attached hereto as Exhibit 6.

WHEREFORE, Plaintiff Great American Insurance Company, as subrogee of CDA Hospitality, moves the Court for entry of a default judgment against Defendant Dynamic Fire Protection, LLC including an award of reasonable attorney's fees and costs incurred in bringing this Motion.

*(Date and signature to follow)*

Respectfully submitted this 4 day of November, 2019.

Daniel M. Waide, Esquire
Mississippi Bar No.: 103543
**JOHNSON, RATLIFF & WAIDE, PLLC**
1300 Hardy Street
Hattiesburg, Mississippi 39401
Telephone: (601) 582-4553
dwaide@jhrlaw.net

*Attorney for Plaintiff*

OKTIBBEHA COUNTY
FILED
NOV 18 2019
CIRCUIT CLERK

850

# IN THE CIRCUIT COURT OF OKTIBBEHA COUNTY
## STATE OF MISSISSIPPI

GREAT AMERICAN INSURANCE )
COMPANY a/s/o CDA )
HOSPITALITY LLC, )
)
    Plaintiff, )
)
v. )  Civil Action No.: 2019-0003-CVC
)
DYNAMIC FIRE PROTECTION, )
LLC )
)
    Defendant. )

## ORDER FOR DEFAULT FINAL JUDGMENT

IT IS HEREBY ORDERED that a default final judgement is entered in this action against Defendant Dynamic Fire Protection upon Plaintiff's Motion for Default Final Judgment, and the sum of $1,466914.43 is hereby awarded to Plaintiff.

SO ORDERED this 6TH day of Dec. , 2019.

_____
CIRCUIT JUDGE

MB: 223
Pg: 850
# 25868





**EXHIBIT**

tabbies

C

**ACORD** **GENERAL LIABILITY NOTICE OF OCCURRENCE / CLAIM**

JPRICE

| DATE (MM/DD/YYYY) |
| --- |
| 1/2/2020 |

| AGENCY | INSURED LOCATION CODE | DATE OF LOSS AND TIME | | AM |
| --- | --- | --- | --- | --- |
| Fisher Brown Bottrell Insurance, Inc.<br>P. O. Box 1490<br>Jackson, MS 39215 | | 01/07/2017 | | PM |
| | CARRIER | | NAIC CODE | |
| | Nautilus Insurance Company | | 17370 | |
| | POLICY NUMBER | | | |
| | ECP200436915 | | | |

| CONTACT NAME: | |
| --- | --- |
| PHONE (A/C, No, Ext): (601) 960-8200 | |
| FAX (A/C, No): (601) 208-7484 | |
| E-MAIL ADDRESS: | |
| CODE: | SUBCODE: |
| AGENCY CUSTOMER ID: DYNAFIR-01 | |

## INSURED

| NAME OF INSURED (First, Middle, Last) | INSURED'S MAILING ADDRESS |
| --- | --- |
| **Dynamic Fire Protection, LLC** | 9771 MS Highway 25<br>Starkville, MS 39759 |

| DATE OF BIRTH | FEIN (if applicable) | |
| --- | --- | --- |
| | 75-3202607 | |

| PRIMARY PHONE # | ☐ HOME ☒ BUS ☐ CELL | SECONDARY PHONE # | ☐ HOME ☐ BUS ☐ CELL | PRIMARY E-MAIL ADDRESS: mlomen@DynamicFirePro.com |
| --- | --- | --- | --- | --- |
| (662) 324-1550 | | | | SECONDARY E-MAIL ADDRESS: |

## CONTACT    ☐ CONTACT INSURED

| NAME OF CONTACT (First, Middle, Last) | CONTACT'S MAILING ADDRESS |
| --- | --- |

| PRIMARY PHONE # | ☐ HOME ☐ BUS ☐ CELL | SECONDARY PHONE # | ☐ HOME ☐ BUS ☐ CELL | |
| --- | --- | --- | --- | --- |
| WHEN TO CONTACT | | | PRIMARY E-MAIL ADDRESS: | |
| | | | SECONDARY E-MAIL ADDRESS: | |

## OCCURRENCE

| LOCATION OF OCCURRENCE | POLICE OR FIRE DEPARTMENT CONTACTED |
| --- | --- |
| STREET: 1121 Hwy 182 East | |
| CITY, STATE, ZIP: Starkville, MS | REPORT NUMBER |
| COUNTRY: United States of America | |

DESCRIBE LOCATION OF OCCURRENCE IF NOT AT SPECIFIC STREET ADDRESS:

DESCRIPTION OF OCCURRENCE (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
**Mr. Waide represents Great American Insurane Company in a case filed against insd. in Oktibbeha County Circuit Courts. As of 12/6/19 Judge Coleman granted adefault Final Judgement i the amount of $1,466,914.43 . This is our agency's first notice of this claim and It is our understanding that the insd. has gone out of business. ** I have attached the letter that the Plaintiff just sent to us. as well as the email with the original complaints and the order of the default judgement.**

## TYPE OF LIABILITY

| PREMISES: INSURED IS | ☐ OWNER | ☐ TENANT | | TYPE OF PREMISES | | |
| --- | --- | --- | --- | --- | --- | --- |
| OWNER'S NAME & ADDRESS (If not insured) | | | | PRIMARY PHONE # ☐ HOME ☐ BUS ☐ CELL | SECONDARY PHONE # ☐ HOME ☐ BUS ☐ CELL | |
| | | | | PRIMARY E-MAIL ADDRESS: | | |
| | | | | SECONDARY E-MAIL ADDRESS: | | |
| PRODUCTS: INSURED IS | ☐ MANUFACTURER | ☐ VENDOR | | TYPE OF PRODUCT | | |
| MANUFACTURER'S NAME & ADDRESS (If not insured) | | | | PRIMARY PHONE # ☐ HOME ☐ BUS ☐ CELL | SECONDARY PHONE # ☐ HOME ☐ BUS ☐ CELL | |
| | | | | PRIMARY E-MAIL ADDRESS: | | |
| | | | | SECONDARY E-MAIL ADDRESS: | | |
| WHERE CAN PRODUCT BE SEEN? | | | | | | |

ACORD 3 (2013/01)

© 1986-2013 ACORD CORPO

The ACORD name and logo are registered marks of ACORD

EXHIBIT
tabbies
D

AGENCY CUSTOMER ID: **DYNAFIR-01**                    **JPRICE**

### INJURED / PROPERTY DAMAGED

| NAME & ADDRESS (Injured/Owner) | EMPLOYER'S NAME & ADDRESS |
|---|---|
| **Great America Insurance Company as subrogee of CDA Hospitality LLC** | |

| PRIMARY PHONE # | ☐ HOME ☐ BUS ☐ CELL | SECONDARY PHONE # | ☐ HOME ☐ BUS ☐ CELL | PRIMARY PHONE # | ☐ HOME ☐ BUS ☐ CELL | SECONDARY PHONE # | ☐ HOME ☐ BUS ☐ CELL |
|---|---|---|---|---|---|---|---|

PRIMARY E-MAIL ADDRESS: | PRIMARY E-MAIL ADDRESS:

SECONDARY E-MAIL ADDRESS: | SECONDARY E-MAIL ADDRESS:

| AGE | SEX | OCCUPATION | DESCRIBE INJURY |
|---|---|---|---|

| WHERE TAKEN | WHAT WAS INJURED DOING? |
|---|---|

| DESCRIBE PROPERTY (Type, model, etc.) | ESTIMATE AMOUNT | WHERE CAN PROPERTY BE SEEN? |
|---|---|---|
| | **1,466,914** | |

### WITNESSES

| NAME AND ADDRESS | PRIMARY PHONE # | ☐ HOME ☐ BUS ☐ CELL | SECONDARY PHONE # | ☐ HOME ☐ BUS ☐ CELL |
|---|---|---|---|---|
| | PRIMARY E-MAIL ADDRESS: | | | |
| | SECONDARY E-MAIL ADDRESS: | | | |

| NAME AND ADDRESS | PRIMARY PHONE # | ☐ HOME ☐ BUS ☐ CELL | SECONDARY PHONE # | ☐ HOME ☐ BUS ☐ CELL |
|---|---|---|---|---|
| | PRIMARY E-MAIL ADDRESS: | | | |
| | SECONDARY E-MAIL ADDRESS: | | | |

| NAME AND ADDRESS | PRIMARY PHONE # | ☐ HOME ☐ BUS ☐ CELL | SECONDARY PHONE # | ☐ HOME ☐ BUS ☐ CELL |
|---|---|---|---|---|
| | PRIMARY E-MAIL ADDRESS: | | | |
| | SECONDARY E-MAIL ADDRESS: | | | |

### REMARKS (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

| REPORTED BY | REPORTED TO |
|---|---|
| **plaintiff Atty sent letter to Agency re: Default judgement filed agai** | **Janet Price** |

ACORD 3 (2013/01)                    Page 2 of 4

### APPLICABLE IN ALABAMA

Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or who knowingly presents false information in an application for insurance is guilty of a crime and may be subject to restitution fines or confinement in prison, or any combination thereof.

### APPLICABLE IN ALASKA

A person who knowingly and with intent to injure, defraud, or deceive an insurance company files a claim containing false, incomplete, or misleading information may be prosecuted under state law.

### APPLICABLE IN ARIZONA

For your protection, Arizona law requires the following statement to appear on this form. Any person who knowingly presents a false or fraudulent claim for payment of a loss is subject to criminal and civil penalties.

### APPLICABLE IN ARKANSAS, DELAWARE, KENTUCKY, LOUISIANA, MAINE, MICHIGAN, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH DAKOTA, PENNSYLVANIA, RHODE ISLAND, SOUTH DAKOTA, TENNESSEE, TEXAS, VIRGINIA, AND WEST VIRGINIA

Any person who knowingly and with intent to defraud any insurance company or another person, files a statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact, material thereto, commits a fraudulent insurance act, which is a crime, subject to criminal prosecution and [NY: substantial] civil penalties. In LA, ME, TN, and VA, insurance benefits may also be denied.

### APPLICABLE IN CALIFORNIA

For your protection, California law requires the following to appear on this form:  Any person who knowingly presents a false or fraudulent claim for payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.

### APPLICABLE IN COLORADO

It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company. Penalties may include imprisonment, fines, denial of insurance, and civil damages. Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policy holder or claimant for the purpose of defrauding or attempting to defraud the policy holder or claimant with regard to a settlement or award payable from insurance proceeds shall be reported to the Colorado Division of Insurance within the Department of Regulatory Agencies.

### APPLICABLE IN THE DISTRICT OF COLUMBIA

Warning:  It is a crime to provide false or misleading information to an insurer for the purpose of defrauding the insurer or any other person.  Penalties include imprisonment and/or fines.  In addition, an insurer may deny insurance benefits, if false information materially related to a claim was provided by the applicant.

### APPLICABLE IN FLORIDA

Pursuant to S. 817.234, Florida Statutes, any person who, with the intent to injure, defraud, or deceive any insurer or insured, prepares, presents, or causes to be presented a proof of loss or estimate of cost or repair of damaged property in support of a claim under an insurance policy knowing that the proof of loss or estimate of claim or repairs contains any false, incomplete, or misleading information concerning any fact or thing material to the claim commits a felony of the third degree, punishable as provided in S. 775.082, S. 775.083, or S. 775.084, Florida Statutes.

### APPLICABLE IN HAWAII

For your protection, Hawaii law requires you to be informed that presenting a fraudulent claim for payment of a loss or benefit is a crime punishable by fines or imprisonment, or both.

### APPLICABLE IN IDAHO

Any person who knowingly and with the intent to injure, defraud, or deceive any insurance company files a statement of claim containing any false, incomplete or misleading information is guilty of a felony.

### APPLICABLE IN INDIANA

A person who knowingly and with intent to defraud an insurer files a statement of claim containing any false, incomplete, or misleading information commits a felony.

### APPLICABLE IN KANSAS

Any person who, knowingly and with intent to defraud, presents, causes to be presented or prepares with knowledge or belief that it will be presented to or by an insurer, purported insurer, broker or any agent thereof, any written statement as part of, or in support of, an application for the issuance of, or the rating of an insurance policy for personal or commercial insurance, or a claim for payment or other benefit pursuant to an insurance policy for commercial or personal insurance which such person knows to contain materially false information concerning any fact material thereto; or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act.

### APPLICABLE IN MARYLAND

Any person who knowingly or willfully presents a false or fraudulent claim for payment of a loss or benefit or who knowingly or willfully presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison.

### APPLICABLE IN MINNESOTA

A person who files a claim with intent to defraud or helps commit a fraud against an insurer is guilty of a crime.

### APPLICABLE IN NEVADA

Pursuant to NRS 686A.291, any person who knowingly and willfully files a statement of claim that contains any false, incomplete or misleading information concerning a material fact is guilty of a felony.

### APPLICABLE IN NEW HAMPSHIRE

Any person who, with purpose to injure, defraud or deceive any insurance company, files a statement of claim containing any false, incomplete or misleading information is subject to prosecution and punishment for insurance fraud, as provided in RSA 638:20.

### APPLICABLE IN OHIO

Any person who, with intent to defraud or knowing that he/she is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement is guilty of insurance fraud.

### APPLICABLE IN OKLAHOMA

WARNING: Any person who knowingly and with intent to injure, defraud or deceive any insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete or misleading information is guilty of a felony.

### APPLICABLE IN WASHINGTON

It is a crime to knowingly provide false, incomplete, or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits.

**From:**          Daniel Waide
**Sent:**          2 Jan 2020 20:08:40 +0000
**To:**            Janet Price
**Cc:**            Brittany Richards;Samuel Woodhouse
**Subject:**       Great American Insurance Company v. Dynamic Fire Protection
**Attachments:**   Complaint.pdf, Order for Default Final Judgment.pdf, Plaintiff's Motion for Final
Judgment After Default.pdf

Ms. Price,

Thank you for reaching out regarding Dynamic Fire. Attached please find the Complaint, Motion for
Default Judgment, and Order. A link for the damages affidavit is attached as it is too big to email.

https://files.mycloud.com/home.php?brand=webfiles&seuuid=40da9dafb22283bdf9bca1ab1c742a8c&n
ame=Exhibit_6_-_Affidavit_of_Russell

Daniel M. Waide
Attorney at Law
Johnson, Ratliff & Waide, PLLC
1300 Hardy St.
PO Box 17738
Hattiesburg, MS 39404
601-582-4553 (Office)
601-582-4556 (Fax)
www.JohnsonRatliff.com

The information contained in this electronic message and any attachments
to this message are intended for the exclusive use of the addressee(s)
and may contain confidential or privileged information.  If you are not
the intended recipient, please notify Daniel Waide and destroy all copies of this message and any
attachments.

  

# JOHNSON, RATLIFF & WAIDE, PLLC

Attorneys at Law
Second Floor
Great Southern National Bank Building
1300 Hardy Street
Hattiesburg, MS 39401

Telephone: (601) 582-4553
Telefax: (601) 582-4556
E-Mail: dwaide@jhrlaw.net
brichards@jhrlaw.net

S. Joel Johnson
Michael V. Ratliff
Daniel M. Waide

P. O. Box 17738
Hattiesburg, MS 39404-7738

December 19, 2019

Jason Young
Fisher Brown Bottrell Insurance
248 East Capitol Street, Suite 1200
Jackson, MS 39201

RE: *Great American Insurance Company a/s/o CDA Hospitality LLC v. Dynamic Fire Protection, LLC*

Mr. Young:

Please be advised that I represent Great American Insurance Company in a case filed against Dynamic Fire Protection in Oktibbeha County Circuit Court. As of December 6, 2019, Judge Coleman granted a Default Final Judgment in the amount of $1,466,914.43. Please contact me as soon as you can to discuss this matter with me. My office number is 601-582-4553. I look forward to hearing from you.

With kindest regards, I am

Sincerely,

Daniel M. Waide, Esq.

DMW/br

850

## IN THE CIRCUIT COURT OF OKTIBBEHA COUNTY

## STATE OF MISSISSIPPI

GREAT AMERICAN INSURANCE )
COMPANY a/s/o CDA )
HOSPITALITY LLC, )
)
     Plaintiff, )
)    Civil Action No.: 2019-0003-CVC
v. )
)
DYNAMIC FIRE PROTECTION, )
LLC )
)
     Defendant. )

## ORDER FOR DEFAULT FINAL JUDGMENT

IT IS HEREBY ORDERED that a default final judgement is entered in this action against

Defendant Dynamic Fire Protection upon Plaintiff's Motion for Default Final Judgment, and the

sum of $1,466914.43 is hereby awarded to Plaintiff.

SO ORDERED this 6TH day of Dec. , 2019.

_Lee S. Coleman_
CIRCUIT JUDGE

MB: 223
Pg: 850
# 25 868

OKTIBBEHA COUNTY
FILED
DEC 12 2019
CIRCUIT CLERK

**From:** Janet Price <JPrice@fbbins.com>
**Sent:** Friday, January 3, 2020 2:17 PM
**To:** Inman, Kelley <kinman@berkleyenvironmental.com>
**Subject:** FW: Great American Insurance Company v. Dynamic Fire Protection [EXTERNAL]

** CAUTION: External message

Janet Price AIC ,CRIS | Claim Department Manager|
Fisher Brown Bottrell | P. O. Box 1490 | Jackson, MS 39215
O: 601-960-7454 |F: 601-208-3014 | jprice@fbbins.com

Coverage cannot be altered, deleted, bound or cancelled as a result of voice mail, email or text message.

Fisher Brown Bottrell Insurance, Inc., may electronically deliver policy documents, including audits, policy changes, billing and coverage related correspondence. If required by applicable law, consent will be requested prior to electronic delivery of policy documents.  If you prefer a paper copy, please let us know.

CONFIDENTIALITY NOTICE:
This email and any attachments are confidential.  If you are not the intended recipient, any further dissemination or use of this email is prohibited.  If you have received this email in error, please notify us immediately by returning it to the sender.  You should then delete all copies from your system and destroy any hard copies you may have made.  Thank you for your cooperation.

**From:** Daniel Waide <dwaide@jhrlaw.net>
**Sent:** Thursday, January 2, 2020 2:09 PM
**To:** Janet Price <JPrice@fbbins.com>
**Cc:** Brittany Richards <brichards@jhrlaw.net>; Samuel Woodhouse <swoodhouse@woodhouselawfirm.com>
**Subject:** Great American Insurance Company v. Dynamic Fire Protection

Ms. Price,

Thank you for reaching out regarding Dynamic Fire. Attached please find the Complaint, Motion for Default Judgment, and Order. A link for the damages affidavit is attached as it is too big to email.

https://files.mycloud.com/home.php?brand=webfiles&seuuid=40da9dafb22283bdf9bca1ab1c742a8c&name=Exhibit_6_-_Affidavit_of_Russell

Daniel M. Waide
Attorney at Law
Johnson, Ratliff & Waide, PLLC
1300 Hardy St.
PO Box 17738
Hattiesburg, MS 39404
601-582-4553 (Office)
601-582-4556 (Fax)
www.JohnsonRatliff.com

The information contained in this electronic message and any attachments
to this message are intended for the exclusive use of the addressee(s)
and may contain confidential or privileged information.  If you are not
the intended recipient, please notify Daniel Waide and destroy all copies of this message and any attachments.

  

CONFIDENTIALITY NOTICE: This e-mail and the transmitted documents contain private, privileged and confidential information belonging to the sender. The information therein is solely for the use of the addressee. If your receipt of this transmission has occurred as the result of an error, please immediately notify us so we can ........................... the documents. In such circumstances, you are advised that you may not disclose, copy, distribu................... in reliance on the information transmitted.

EXHIBIT

E

# Nautilus Insurance Company ®

## An Arizona Corporation  🅱 a W. R. Berkley Company

# COMMERCIAL LINES POLICY

**THIS POLICY IS NOT OBTAINED PRIMARILY FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES.**

THIS POLICY CONSISTS OF:

- Declarations;
- Common Policy Conditions; and
- One or more Coverage Parts.  A Coverage Part consists of:
  - One or more Coverage Forms; and
  - Applicable Forms and Endorsements.

In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representative.

_____
Secretary

_____
President and CEO

Administrative Office:
7233 E. Butherus Drive          Scottsdale, AZ 85260          Telephone (480) 951-0905          Facsimile (480) 951-9730
Service Office:
101 Hudson Street,              Jersey City, NJ 07302         Telephone (201) 748-3100          Facsimile (201) 748-3040
Suite 2550

E001J (06/16)



EXHIBIT
F



# BERKLEY
## ENVIRONMENTAL
a division of Berkley Specialty Underwriting Managers

## *Claim Services*

*By knowing your industry and speaking your language, our claim professionals can focus on meeting your unique business needs and offer you the superior claim service you deserve through responsible claim management and aggressive mitigation.*

*We are confident our dedicated teams of claim professionals will add value to your organization and help you succeed in accomplishing your risk management objectives.*

## Reporting a Claim

It is vitally important that you contact us as soon as possible when an accident happens. When an accident takes place, you can call, fax or email us.

Under all circumstances, you must follow the claim reporting requirements of your policy including, but not limited to, providing us written notice of the claim.

### Automobile Claims

**Phone:** (800) 832-0137
Ext. 3293687
**Fax:** (866) 343-5724

**Email:**
braciageneral
@berkleyrisk.com

**Mailing Address:**
300 W Broadway
Suite 1600
Council Bluffs, IA 51503

**In Case of Emergencies, Weekends or Holidays**
**Phone:** (800) 832-0137
*Follow after hours prompt*

### General Liability And Professional Liability Claims

**Phone:** (201) 748-3111

**Fax:** (866) 343-5724

**Email:**
Environmental.liability.claims
@berkleysum.com

**Mailing Address:**
101 Hudson Street
25th Floor, Suite 2550
Jersey City, NJ 07302

### Workers Compensation Claims

**Phone:** (800) 449-2024

**Fax:** (866) 303-1404

**Email:**
Environmental.wc.claims
@berkleysum.com

**Mailing Address:**
PO Box 141299
Irving, TX 75014-1233

**Street Address:**
600 E. Las Colinas Blvd,
Suite 1400
Irving, TX 75039

## Berkley Environmental Support Team (BEST)

We understand environmental spills and releases can be extremely stressful events.

That's why we're proud to offer you a free fully staffed 24 hour – 7 day a week emergency response call center staffed with experienced professionals with a national network of emergency response providers able to file agency spill notifications.

**Call (877) 900-5645 to report your environmental spill or release.**

### Environmental Claims

**Phone:** (201) 748-3111
**Fax:** (866) 343-5724

**Email:**
Environmental.liability.claims@berkleysum.com

**Mailing Address:**
101 Hudson Street
25th Floor, Suite 2550
Jersey City, NJ 07302

**In Case of Emergencies, Weekends or Holidays**
**Phone:** (877) 900-5645

BERKLEY SPECIALTY UNDERWRITING MANAGERS
PROVIDING INNOVATIVE SOLUTIONS
www.berkleysum.com

THE MATERIAL IN THIS PUBLICATION IS PROVIDED FOR INFORMATIONAL PURPOSES ONLY AND IS NOT INTENDED TO BE A REPRESENTATION OF COVERAGE THAT MAY EXIST IN ANY PARTICULAR SITUATION UNDER A POLICY ISSUED BY A MEMBER COMPANY OF BERKLEY SPECIALTY UNDERWRITING MANAGERS OR ITS AFFILIATES. ALL CONDITIONS OF COVERAGE, TERMS AND LIMITATIONS ARE DEFINED AND PROVIDED FOR IN THE POLICY. PROGRAMS OR PRODUCTS MAY NOT BE AVAILABLE IN ALL STATES AND POLICY FEATURES MAY VARY BY STATE.

# NAUTILUS INSURANCE COMPANY
## Scottsdale, Arizona
## COMMON POLICY DECLARATIONS

**POLICY NUMBER:** ECP2004369-15      **RENEWAL OF:** ECP2004369-14

| INSURED'S NAME AND ADDRESS: | PRODUCER'S NAME AND ADDRESS: |
|---|---|
| Dynamic Fire Protection, LLC<br>9771 MS Highway 25<br>Starkville, MS 39759 | AmWINS Program Underwriters, Inc.<br>214 Senate Avenue<br>Suite 201<br>Camp Hill, PA 17011 |

**POLICY PERIOD:** December 30, 2016 to December 30, 2017 at 12:01 a.m. Standard Time at your mailing address shown above.

IN RETURN FOR THE PAYMENT OF PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

**FORM OF BUSINESS:**

Limited Liability Company (LLC)

**THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PART(S) FOR WHICH A PREMIUM IS INDICATED. THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENTS.**

| COVERAGE PARTS | PREMIUM |
|---|---|
| COMMERCIAL GENERAL LIABILITY COVERAGE: | $ 123,982 |
| CONTRACTORS POLLUTION LIABILITY COVERAGE: | Included |
| PROFESSIONAL LIABILITY COVERAGE: | Included |
| SITE SPECIFIC POLLUTION LIABILITY COVERAGE: | Not Covered |
| TERRORISM RISK INSURANCE ACT: | Rejected |
| **POLICY PREMIUM:** | $ 123,982 |

**NOTICE TO THE INSURED:**

**Note: This insurance policy is issued pursuant to Mississippi law covering surplus lines insurance. The company issuing the policy is not licensed by the State of Mississippi, but is authorized to do business in Mississippi as a nonadmitted company. The policy is not protected by the Mississippi Insurance Guaranty Association in the event of the insurer's insolvency.**

**NAME AND ADDRESS OF ADMINISTRATIVE OFFICE:**

Berkley Specialty Underwriting Managers (a W.R. Berkley Company)
Two Ravinia Drive, Suite 1100, Atlanta, GA 30346
Phone No.: (404) 443-2040, See CLAIMS NOTICE for claims contact information.

**THIS COMMON POLICY DECLARATION AND THE SUPPLEMENTAL DECLARATION(S) TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.**

**Countersigned :** _____    **By:** _____
                                                Authorized Representative
**Issue Date:** 01/03/2017

# ENVIRONMENTAL COMBINED POLICY
## SUPPLEMENTAL DECLARATIONS

**POLICY NUMBER:** ECP2004369-15

### LIMITS OF INSURANCE:

| | | |
|---|---|---|
| **General Aggregate Limit (Other than Products/Completed Operations)** | | $ 2,000,000 |
| **Commercial General Liability Occurrence** | | |
| Each Occurrence - CGL | | $ 1,000,000 |
| Products/Completed Operations Aggregate Limit | | $ 2,000,000 |
| Personal & Advertising Injury Limit | | $ 1,000,000 |
| Damage to Premises Rented to You Limit | Any one premises | $ 300,000 |
| Medical Payments | Any one Person | $ 5,000 |
| **Contractors Pollution Occurrence** | | |
| Each Pollution Condition - CPL | | $ 1,000,000 |
| **Professional Liability** | | |
| Each Claim - Professional Liability | | $ 1,000,000 |
| **Employee Benefits Liability** | | |
| Employee Benefits Liability - Each Employee | SEE ENDORSEMENTS ATTACHED TO THIS POLICY | |
| Employee Benefits Liability - Aggregate | SEE ENDORSEMENTS ATTACHED TO THIS POLICY | |
| **Microbial Substance** | | |
| Microbial Substance - SubLimit Each Claim | SEE ENDORSEMENTS ATTACHED TO THIS POLICY | |
| Microbial Substance - Aggregate Limit | SEE ENDORSEMENTS ATTACHED TO THIS POLICY | |

### RETROACTIVE DATE (APPLICABLE TO CLAIMS MADE COVERAGES):

**Applicable to claims made coverage provided under form numbered:**

ECPO 1000 10 06

**Retroactive Date, if any, shown here (Enter the date or "None" if no Retroactive Date applies):**

| | |
|---|---|
| Professional Liability | 12/30/2008 |
| Employee Benefits Liability | SEE ENDORSEMENTS ATTACHED TO THIS POLICY |
| Microbial Substance | SEE ENDORSEMENTS ATTACHED TO THIS POLICY |

### SCHEDULE OF PREMISES / SITES:

All premises / locations that are owned, rented and/or occupied by the Insured and on file with the Company.

THESE DECLARATIONS ARE PART OF THE POLICY DECLARATIONS CONTAINING
THE NAME OF THE INSURED AND THE POLICY PERIOD.

| RETENTIONS: | |
|---|---|
| **Commercial General Liability Occurrence** | |
| Coverage A & B Per Occurrence | $ 5,000 |
| **Contractors Pollution Occurrence** | |
| Each Pollution Condition Per Occurrence | $ 5,000 |
| **Professional Liability** | |
| Each Claim - Professional Per Claim | $ 5,000 |
| **Employee Benefits Liability** | |
| Each Employee Per Claim | SEE ENDORSEMENTS ATTACHED TO THIS POLICY |
| **Microbial Substance** | |
| Microbial Substance Per Claim | SEE ENDORSEMENTS ATTACHED TO THIS POLICY |

| **FORMS AND ENDORSEMENTS (Other than applicable Forms and Endorsements shown elsewhere in the Policy):** |
|---|

Forms and Endorsements applying to this policy and made a part of this policy at time of issue:
SEE SCHEDULE OF FORMS AND ENDORSEMENTS

| **TOTAL PREMIUM FOR THIS POLICY:** | $ 123,982 |
|---|---|

THESE DECLARATIONS ARE PART OF THE POLICY DECLARATIONS CONTAINING
THE NAME OF THE INSURED AND THE POLICY PERIOD.

# SCHEDULE OF FORMS AND ENDORSEMENTS

**Policy Number:**    ECP2004369-15

**Named Insured:**    Dynamic Fire Protection, LLC

**FORMS ATTACHED TO AND MADE A PART OF THIS POLICY:**

| FORM NUMBER | FORM TITLE |
|---|---|
| E001J (06/16) | Nautilus Policy Jacket |
| ENV PA CLAIMS 06 16 | Policyholder Notice - Claim Reporting Information |
| ENV DEC 08 12 | Common Policy Declarations |
| ECP SUPP 03 14 | Environmental Combined Policy Supplemental Declarations |
| ENV FORMS 09 10 | Schedule of Forms and Endorsements |
| ECPO 1000 10 06 | Environmental Combined Policy |
| BSUM-1200 (09-16) | Amendment to the Definition of Professional Services |
| BSUM-1200 (09-16) | Amendment to Pollution – Products Liability Exclusion |
| BSUM-1200 (09-16) | Deductible Endorsement |
| BSUM-1200 (09-16) | Amendment to Professional – Products Liability Exclusion |
| IL 12 02 01 16 | Office of Foreign Asset Control (OFAC) Exclusion Endorsement |
| S020 (04-05) | Service of Suit |
| ECP 1005 04 10 | Additional Insured - Coverage A, B & D - Scheduled Person or Organization |
| ECP 1016 10 06 | Employee Benefit Liability Coverage |
| ECP 1021 10 06 | Designated Construction Project(s) General Aggregate Limit |
| ECP 1031 03 09 | Microbial Substance Coverage |
| ECP 1054 02 07 | Exclusion - Designated Operations Covered by a Consolidated (Wrap-up) Insurance Program |
| ECP 1055 09 07 | Absolute Unsolicited Communications Exclusion |
| ECP 1056 09 07 | Exclusion - Financial Services |
| ENV 2006 03 13 | Earned Premium and Composite Rate |
| ENV 2009 10 06 | Exterior Insulation and Finish Systems (EIFS) Exclusion |
| ENV 2013 09 06 | Waiver of Subrogation - Scheduled Entities |
| ENV 2217 07 07 | Notice of Cancellation to Designated Entities |
| ENV 2225 01 15 | Exclusion of Certified Acts of Terrorism |

| ENVIRONMENTAL COMBINED POLICY |
|---|

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the Company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **III** - Who Is An insured.

Other words and phrases that appear in bold have special meaning. Refer to Section **VII** -Definitions.

Coverage **E** Professional Liability provides Claims Made and Reported Coverage, and has claims reporting requirements that differ from Coverages A, **B**, **C**, and D.  Coverage **E** Professional Liability only applies to a claim that is made against you and reported to us during the policy period or applicable Extended Reporting Period.

The application is the basis of this policy and is incorporated in and constitutes a part of this policy.  A copy of the application is attached hereto.  Any material received with the application will be maintained on file with the Company and will be deemed to be attached thereto as if physically attached.  It is agreed by all insureds that the statements in the application are their representations, that they are material and that this policy is issued in reliance upon the truth of such representations.  This policy includes all of the agreements existing between the insureds and the Company or any of its agents relating to this policy.

## SECTION I – COVERAGES

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.  **Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury** or **property damage** in excess of the deductible or self insured retention, if any, to which this insurance applies. We will have the right and duty to defend the insured against any **suit** seeking those damages. However, we will have no duty to defend the insured against any **suit** seeking damages for **bodily injury** or **property damage** to which this insurance does not apply. We may, at our discretion, investigate any **occurrence** and settle any claim or **suit** that may result. But:

        (1)  The amount we will pay for damages is limited as described in Section **IV** - Limits Of Insurance; and

        (2)  Our right and duty to defend ends under Coverage **A** when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A, **B**, D, or **E** or medical expenses under Coverage **C**.

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A, **B**, D, and **E**.

    b.  This insurance applies to **bodily injury** and **property damage** only if:

        (1)  The **bodily injury** or **property damage** is caused by an **occurrence** that takes place in the **coverage territory**;

        (2)  The **bodily injury** or **property damage** occurs during the policy period; and

        (3)  Prior to the policy period, no insured listed under Paragraph **1.** of Section **III** - Who Is An Insured and no **employee** authorized by you to give or receive notice of an **occurrence** or claim, knew that the **bodily injury** or **property damage** had occurred, in whole or in part.  If such a listed insured or authorized **employee** knew, prior to the policy period, that the **bodily injury** or **property damage** occurred, then any continuation, change or resumption of such **bodily injury** or **property damage** during or after the policy period will be deemed to have been known prior to the policy period.

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

c.   **Bodily injury** or **property damage** which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **III** - Who Is An Insured or any **employee** authorized by you to give or receive notice of an **occurrence** or claim, includes any continuation, change or resumption of that **bodily injury** or **property damage** after the end of the policy period.

d.   **Bodily injury** or **property damage** will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **III** - Who Is An Insured or any **employee** authorized by you to give or receive notice of an **occurrence** or claim:

   **(1)**   Reports all or any part, of the **bodily injury** or **property damage** to us or any other insurer;

   **(2)**   Receives a written or verbal demand or claim for damages because of the **bodily injury** or **property damage**; or

   **(3)**   Becomes aware by any other means that **bodily injury** or **property damage** has occurred or has begun to occur.

e.   Damages because of **bodily injury** include damages claimed by any person or organization for care, loss of services or death resulting at any time from the **bodily injury**.

**2.   Exclusions**

   *Refer also to Section II – Shared Exclusions for additional exclusions.*

   This insurance does not apply to:

   a.   **Other Coverages**

      Anything covered under any other Coverage Part contained in this policy.

   b.   **Expected Or Intended Injury**

      **Bodily injury** or **property damage** expected or intended from the standpoint of the insured. This exclusion does not apply to **bodily injury** resulting from the use of reasonable force to protect persons or property.

   c.   **Contractual Liability**

      **Bodily injury** or **property damage** for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

      **(1)**   That the insured would have in  the  absence of the contract or agreement; or

      **(2)**   Assumed in a contract or agreement that is an **insured contract**, provided the **bodily injury** or **property damage** occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an **insured contract**, reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of **bodily injury** or **property damage**, provided:

         **(a)**   Liability to such party for, or for the cost of, that party's defense has also been assumed in the same **insured contract**; and

         **(b)**   Such attorney fees and litigation expenses are for defense of that party against a **suit** or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

   d.   **Aircraft, Auto Or Watercraft**

      **Bodily injury** or **property damage** arising out of the ownership, maintenance, use or entrustment to others of any aircraft, **auto** or watercraft owned or operated by or rented or loaned to any insured. Use includes

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

operation and **loading or unloading**.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the **occurrence** which caused the **bodily injury** or **property damage** involved the ownership, maintenance, use or entrustment to others of any aircraft, **auto** or watercraft that is owned or operated by or rented or loaned to any insured.

This exclusion does not apply to:

**(1)**   A watercraft while ashore on premises you own or rent;

**(2)**   A watercraft you do not own that is:

    **(a)**   Less than 26 feet long; and

    **(b)**   Not being used to carry persons or property for a charge;

**(3)**   Parking an **auto** on, or on the ways next to, premises you own or rent, provided the **auto** is not owned by or rented or loaned to you or the insured;

**(4)**   Liability assumed under any **insured contract** for the ownership, maintenance or use of aircraft or watercraft; or

**(5)**   **Bodily injury** or **property damage** arising out of:

    **(a)**   The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of **mobile equipment** if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged; or

    **(b)**   The operation of any of the machinery or equipment listed in Paragraph **f. (2)** or **f. (3)** of the definition of **mobile equipment**.

**e.**   **Liquor Liability**

**Bodily injury** or **property damage** for which any insured may be held liable by reason of:

**(1)**   Causing or contributing to the intoxication of any person;

**(2)**   The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

**(3)**   Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

**f.**   **Workers Compensation And Similar Laws**

Any obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law.

**g.**   **Employer's Liability**

**Bodily injury** to:

**(1)**   An **employee** of the insured arising out of and in the course of:

    **(a)**   Employment by the insured; or

    **(b)**   Performing duties related to the conduct of the insured's business; or

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

**(2)** The spouse, child, parent, brother or sister of that **employee** as a consequence of Paragraph **(1)** above.

This exclusion applies:

**(1)** Whether the insured may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an **insured contract**.

**h. Mobile Equipment**

**Bodily injury** or **property damage** arising out of:

**(1)** The transportation of **mobile equipment** by an **auto** owned or operated by or rented or loaned to any insured; or

**(2)** The use of **mobile equipment** in, or while in practice for, or while being prepared for, any prearranged racing, speed, demolition, or stunting activity.

**i. Damage To Property**

**Property damage** to:

**(1)** Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

**(2)** Premises you sell, give away or abandon, if the **property damage** arises out of any part of those premises;

**(3)** Property loaned to you;

**(4)** Personal property in the care, custody or control of the insured;

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the **property damage** arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because **your work** was incorrectly performed on it.

Paragraphs **(1)**, **(3)**, and **(4)** of this exclusion do not apply to **property damage** (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section **IV – Limits Of Insurance**.

Paragraph **(2)** of this exclusion does not apply if the premises are **your work** and were never occupied, rented or held for rental by you.

Paragraphs **(3)**, **(4)**, **(5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(6)** of this exclusion does not apply to **property damage** included in the **products-completed operations hazard**.

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

**j.    Damage To Your Product**

Property damage to your product arising out of it or any part of it.

**k.    Damage To Your Work**

**Property damage** to **your work** arising out of it or any part of it and included in the **products-completed operations hazard**.

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**l.    Damage To Impaired Property Or Property Not Physically Injured**

**Property damage** to **impaired property** or property that has not been physically injured, arising out of:

**(1)**    A defect, deficiency, inadequacy or dangerous condition in **your product** or **your work**; or

**(2)**    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to **your product** or **your work** after it has been put to its intended use.

**m.    Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)**    **Your product**;

**(2)**    **Your work**; or

**(3)**    **Impaired property**;

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**n.    Personal And Advertising Injury**

**Bodily injury** or **property damage** arising out of **personal and advertising injury**.

**o.    Electronic Data**

Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

Exclusions **d.** through **m.** do not apply to damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner. A separate limit of insurance applies to this coverage as described in Section IV - Limits Of Insurance.

## COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

**1.    Insuring Agreement**

**a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of **personal**

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

**and advertising injury** in excess of the deductible or self insured retention, if any, to which this insurance applies. We will have the right and duty to defend the insured against any **suit** seeking those damages. However, we will have no duty to defend the insured against any **suit** seeking damages for **personal and advertising injury** to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or **suit** that may result. But:

(1) The amount we will pay for damages is limited as described in Section **IV** - Limits Of Insurance; and

(2) Our right and duty to defend ends under Coverage **B** when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A**, **B**, **D**, or **E** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A**, **B**, **D**, and **E**.

**b.** This insurance applies to **personal and advertising injury** caused by an offense arising out of your business but only if the offense was committed in the **coverage territory** during the policy period.

2. **Exclusions**

*Refer also to Section II – Shared Exclusions for additional exclusions.*

This insurance does not apply to:

**a. Other Coverages**

Anything covered under any other Coverage Part contained in this policy.

**b. Knowing Violation Of Rights Of Another**

**Personal and advertising injury** caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict **personal and advertising injury.**

**c. Material Published With Knowledge Of Falsity**

**Personal and advertising injury** arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

**d. Material Published Prior To Policy Period**

**Personal and advertising injury** arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

**e. Criminal Acts**

**Personal and advertising injury** arising out of a criminal act committed by or at the direction of the insured.

**f. Contractual Liability**

**Personal and advertising injury** for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

**g. Breach of Contract**

**Personal and advertising injury** arising out of a breach of contract, except an implied contract to use another's advertising idea in your **advertisement**.

**h. Quality Or Performance Of Goods - Failure To Conform To Statements**

**Personal and advertising injury** arising out of the failure of goods, products or services to conform to any

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

statement of quality or performance made in your **advertisement**.

i. **Wrong Description Of Prices**

**Personal and advertising injury** arising out of the wrong description of the price of goods, products or services stated in your **advertisement**.

j. **Infringement Of Copyright**, **Patent**, **Trademark Or Trade Secret**

**Personal and advertising injury** arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.

However, this exclusion does not apply to infringement, in your **advertisement**, of copyright, trade dress or slogan.

k. **Insureds In Media And Internet Type Businesses**

**Personal and advertising injury** committed by an insured whose business is:

(1) Advertising, broadcasting, publishing or telecasting;

(2) Designing or determining content of websites for others; or

(3) An Internet search, access, content or service provider.

However, this exclusion does not apply to Paragraphs **16. a.**, **b.**, and **c.** of **personal and advertising injury** under the Definitions Section **VII**.

For the purposes of this exclusion, the placing of frames, borders or links, or advertising for you or others anywhere on the Internet, is not by itself considered the business of advertising, broadcasting, publishing or telecasting.

l. **Electronic Chatrooms Or Bulletin Boards**

**Personal and advertising injury** arising out of an electronic chatroom or bulletin board the insured hosts, owns, or over which the insured exercises control.

m. **Unauthorized Use Of Another's Name Or Product**

**Personal and advertising injury** arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

## COVERAGE C MEDICAL PAYMENTS

1. **Insuring Agreement**

   a. We will pay medical expenses as described below for **bodily injury** caused by an accident:

   (1) On premises you own or rent;

   (2) On ways next to premises you own or rent; or

   (3) Because of your operations;

   provided that:

   (1) The accident takes place in the **coverage territory** and during the policy period;

   (2) The expenses are incurred and reported to us within one year of the date of the accident; and

   (3) The injured person submits to examination, at our expense, by physicians of our choice as often as we

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

reasonably require.

b.  We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:

(1)  First aid administered at the time of an accident;

(2)  Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

(3)  Necessary ambulance, hospital, professional nursing and funeral services.

2.  **Exclusions**

*Refer also to Section II – Shared Exclusions for additional exclusions.*

We will not pay expenses for **bodily injury**:

a.  **Any Insured**

To any insured, except **volunteer workers**.

b.  **Hired Person**

To a person hired to do work for or on behalf of any insured or a tenant of any insured.

c.  **Injury On Normally Occupied Premises**

To a person injured on that part of premises you own or rent that the person normally occupies.

d.  **Workers Compensation And Similar Laws**

To a person, whether or not an **employee** of any insured, if benefits for the **bodily injury** are payable or must be provided under a workers compensation or disability benefits law or a similar law.

e.  **Athletics Activities**

To a person injured while practicing, instructing or participating in any physical exercises or games, sports, or athletic contests.

f.  **Products-Completed Operations Hazard**

Included within the **products-completed operations hazard**.

g.  **Coverage A, D, Or E Exclusions**

Excluded under Coverages **A**, **D**, or **E**.

## COVERAGE D CONTRACTORS POLLUTION LIABILITY

1.  **Insuring Agreement**

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury** or **property damage** in excess of the deductible or self insured retention, if any, resulting from **pollution conditions** to which this insurance applies. We will have the right and duty to defend the insured against any **suit** seeking those damages. However, we will have no duty to defend the insured against any **suit** seeking damages to which this insurance does not apply. We may, at our discretion, investigate any **pollution conditions** and settle any claim or **suit** that may result. But:

(1)  The amount we will pay for damages is limited as described in Section **IV** - Limits Of Insurance; and

(2)  Our right and duty to defend ends under Coverage **D** when we have used up the applicable limit of

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

insurance in the payment of judgments or settlements under Coverages **A**, **B**, **D**, or **E** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A**, **B**, **D**, and **E**.

b.  This insurance applies to **bodily injury** and **property damage** only if:

   (1)  The **bodily injury** or **property damage** is caused by a **pollution condition** that takes place in the **coverage territory** and is caused by an **occurrence**;

   (2)  The **bodily injury** or **property damage** first occurs during the policy period; and

   (3)  The **bodily injury** or **property damage** arises out of **your work**.

c.  In the event that a **pollution condition** continues to take place during more than one policy issued by us, only the policy during which the **pollution condition** first commenced will respond. Under no circumstances will more than one policy issued by us provide coverage for **bodily injury** or **property damage** arising from the same **pollution condition**.

**2.  Exclusions**

*Refer also to Section II – Shared Exclusions for additional exclusions.*

This insurance does not apply to:

a.  **Other Coverages**

   Anything covered under any other Coverage Part contained in this policy.

b.  **Knowingly Wrongful Acts**

   Damages based upon or arising from the insured's dishonest, fraudulent, malicious, or knowingly wrongful act, error or omission or non-compliance with any statute, regulation, ordinance, administrative complaint, notice of violation, notice letter, executive order, or instruction of any governmental agency or body. However, this exclusion shall not apply to any insured that did not commit, participate in, or have knowledge of any of the acts described above.

c.  **Related Entities**

   Damages claimed by your parent company or any affiliated subsidiary, or any entity which is owned, operated, managed, or controlled by you.

d.  **Contractual Liability**

   Damages based upon or arising out of the liability of others assumed by an insured under any contract or agreement. This exclusion does not apply to liability for damages:

   (1)  Assumed in a contract or agreement that is an **insured contract**, provided the **pollution condition** occurs subsequent to the execution of the contract or agreement; or

   (2)  That the insured would have in the absence of the contract or agreement.

e.  **Products Liability**

   Damages arising out of **your product**. This includes, but is not limited to, any **property damage** to **your product**.

f.  **Workers Compensation**

Damages based upon or arising under any workers compensation, unemployment compensation or disability benefits law or similar law.

**g.  Employer's Liability**

Damages based upon or arising out of injury to any **employee**, director, officer, partner, or **leased worker** of an insured.  This exclusion does not apply to liability assumed by you while performing **your work** under an **insured contract**.

**h.  Auto, Aircraft, Watercraft Or Rolling Stock**

Damages based upon or arising out of the ownership, maintenance, use or the entrustment to others of any **auto**, aircraft, watercraft, or rolling stock owned or operated by or rented or loaned to any insured.  Use includes operation and **loading or unloading**.

However, this exclusion does not apply to **pollution conditions** arising out of the ownership, maintenance, use, operation, **loading or unloading** of any **auto**, aircraft, watercraft, or rolling stock within the boundaries of the site where **your work** is being performed.

**i.  Off-Site Waste Disposal**

Damages, including **cleanup costs**, based upon or arising out of **pollution conditions** on, at or migrating from any location to which wastes, products or materials have been delivered beyond the boundaries of any site where **your work** is being performed.

**j.  Damage To Property**

Damages based upon or arising out of **property damage** to:

**(1)**  Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

**(2)**  Premises you sell, give away or abandon, if the **property damage** arises out of any part of those premises;

**(3)**  Property loaned to you;

**(4)**  Personal property in the care, custody or control of the insured;

**(5)**  That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the **property damage** arises out of those operations; or

**(6)**  That particular part of any property that must be restored, repaired or replaced because **your work** was incorrectly performed on it.

Paragraphs **(1)**, **(3)**, and **(4)** of this exclusion do not apply to **property damage** (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section **IV – Limits Of Insurance.**

Paragraph **(2)** of this exclusion does not apply if the premises are **your work** and were never occupied, rented or held for rental by you.

Paragraphs **(3)**, **(4)**, **(5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(6)** of this exclusion does not apply to **property damage** included in the **products-completed operations hazard.**

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

Paragraphs **(5)** and **(6)** do not apply to **cleanup costs**.

**k.** **Project-Specific Coverage**

Damages based upon or arising out of any project for which any insured is an insured on a project-specific policy issued by any carrier.

**l.** **Known Conditions**

Damages based upon or arising out of **your work** performed prior to the inception date of this policy, if any of your management, directors, partners or **employees** responsible for environmental affairs knew or reasonably could have foreseen that **your work** could give rise to a claim under this coverage part.

**m.** **Professional Liability**

Claims based upon or arising out of the rendering of or failure to render **professional services**.

**n.** **Bankruptcy**

Claims based upon or arising out the bankruptcy or insolvency of an insured or of any other firm, person, or organization.

**o.** **Personal and Advertising Injury**

Damages arising out of **personal and advertising injury**.

## COVERAGE E PROFESSIONAL LIABILITY

**1.** **Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages in excess of the deductible or self insured retention, if any, that result from **professional services** to which this insurance applies. The damages must result from an actual or alleged act, error or omission in the performance of **professional services** rendered by the insured. We will have the right and duty to defend the insured against any **suit** seeking those damages. However, we will have no duty to defend the insured against any **suit** seeking damages to which this insurance does not apply. We may, at our discretion, investigate any actual or alleged act, error or omission and settle any claim or **suit** that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section **IV** - Limits Of Insurance; and

**(2)** Our right and duty to defend ends under Coverage **E** when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A**, **B**, **D**, or **E** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A**, **B**, **D**, or **E**.

**b.** This insurance shall only apply if:

**(1)** The claim is first made against the insured and reported to the Insurer, in writing, during the policy period, or Extended Reporting Period, if applicable; and

**(2)** The actual or alleged act, error or omission takes place in the **coverage territory**; and

**(3)** The actual or alleged act, error or omission takes place on or after the Retroactive Date, if any, shown in the Declarations and before the end of the policy period.

**2.** **Exclusions**

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

*Refer also to Section II – Shared Exclusions for additional exclusions.*

This insurance does not apply to:

**a.** **Other Coverages**

Anything covered under any other Coverage Parts contained in this policy.

**b.** **Knowingly Wrongful Acts**

Damages based upon or arising from the insured's dishonest, fraudulent, malicious, or knowingly wrongful act, error or omission or non-compliance with any statute, regulation, ordinance, administrative complaint, notice of violation, notice letter, executive order, or instruction of any governmental agency or body. However, this exclusion shall not apply to any insured that did not commit, participate in, or have knowledge of any of the acts described above.

**c.** **Related Entities**

Damages claimed by your parent company or any affiliated subsidiary, or any entity which is owned, operated, managed, or controlled by you.

**d.** **Discrimination**

Damages based upon or arising out of discrimination by the insured on the basis of age, color, race, sex, creed, national origin, marital status, physical disability or sexual preference.

**e.** **Contractual Liability**

Damages based upon or arising out of the liability of others assumed by an insured under any contract or agreement. This exclusion does not apply to liability for damages:

**(1)** Assumed in a contract or agreement that is an **insured contract**, provided the actual or alleged act, error or omission occurs subsequent to the execution of the contract or agreement; or

**(2)** That the insured would have in the absence of the contract or agreement.

**f.** **Products Liability**

Damages arising out of **your product**. This includes, but is not limited to, any **property damage** to **your product**.

**g.** **Workers Compensation**

Damages based upon or arising under any workers compensation, unemployment compensation or disability benefits law or similar law.

**h.** **Employer's Liability**

Damages based upon or arising out of injury to any **employee**, director, officer, partner, or **leased worker** of an insured. This exclusion does not apply to liability assumed by you while rendering **professional services** under an **insured contract**.

**i.** **Auto, Aircraft, Watercraft Or Rolling Stock**

Damages based upon or arising out of the ownership, maintenance, use or the entrustment to others of any **auto**, aircraft, watercraft, or rolling stock owned or operated by or rented or loaned to any insured. Use includes operation and **loading or unloading**.

**j.** **Off-Site Waste Disposal**

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

Damages, including **cleanup costs**, based upon or arising out of **pollution conditions** on, at or migrating from any location to which wastes, products or materials have been delivered beyond the boundaries of any site on which or on behalf of which **your work** and/or **professional services** have been performed.

**k.  Damage To Property**

Damages based upon or arising out of **property damage** to:

(1)  Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

(2)  Premises you sell, give away or abandon, if the **property damage** arises out of any part of those premises;

(3)  Property loaned to you;

(4)  Personal property in the care, custody or control of the insured;

(5)  That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the **property damage** arises out of those operations; or

(6)  That particular part of any property that must be restored, repaired or replaced because **your work** was incorrectly performed on it.

Paragraphs **(1)**, **(3)**, and **(4)** of this exclusion do not apply to **property damage** (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section **IV** – Limits Of Insurance.

Paragraph **(2)** of this exclusion does not apply if the premises are **your work** and were never occupied, rented or held for rental by you.

Paragraphs **(3)**, **(4)**, **(5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraphs **(5)** and **(6)** do not apply to **cleanup costs**.

**l.  Suretyship and Insurance**

Damages based upon, or arising out of, or attributable to any actual or alleged failure to advise or require or failure to effect and maintain any policy of insurance, suretyship or bond.

**m.  Insured vs. Insured**

Damages claimed by any insured against any other insured under this policy.

**n.  Express Warranties or Guarantees**

Damages based upon or arising out of express warranties or guarantees.

**o.  Project-Specific Coverage**

Damages based upon or arising out of any project for which any insured is an insured on a project-specific policy issued by any carrier.

**p.  Known Conditions**

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

Damages based upon or arising out of **professional services** rendered prior to the inception date of this policy, if any of your management, directors, or partners knew or reasonably could have foreseen that such **professional services** could give rise to a claim under this coverage part.

**q.  Bankruptcy**

Claims based upon or arising out the bankruptcy or insolvency of an insured or of any other firm, person, or organization.

**r.  Personal And Advertising Injury**

Damages arising out of **personal and advertising injury**.

## SUPPLEMENTARY PAYMENTS - COVERAGES A, B, D, and E

1.  We will pay, with respect to any claims or **occurrences** we investigate or settle, or any **suit** against an insured we defend:

    a.  All expenses we incur.

    b.  Up to $250 for the cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.

    c.  The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

    d.  All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or **suit**, including actual loss of earnings up to $250 a day because of time off from work.

    e.  All costs taxed against the insured in the **suit**.

    f.  Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

    g.  All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

    These payments will not reduce the Limits of Insurance for Coverages **A** and **B**.

    These payments will reduce the Limits of Insurance for Coverages **D** and **E**.

2.  If we defend an insured against a **suit** and an indemnitee of the insured is also named as a party to the **suit**, we will defend that indemnitee if all of the following conditions are met:

    a.  The **suit** against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in an **insured contract**;

    b.  This insurance applies to such liability assumed by the insured;

    c.  The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same **insured contract**;

    d.  The allegations in the **suit** and the information we know about the **occurrence** or act, error or omission are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

    e.  The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such **suit** and agree that we can assign the same counsel to defend the insured and the indemnitee; and

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

f.    The indemnitee:

   (1)    Agrees in writing to:

      (a)    Cooperate with us in the investigation, settlement or defense of the **suit**;

      (b)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the **suit**;

      (c)    Notify any other insurer whose coverage is available to the indemnitee; and

      (d)    Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

   (2)    Provides us with written authorization to:

      (a)    Obtain records and other information related to the **suit**; and

      (b)    Conduct and control the defense of the indemnitee in such **suit**.

So long as the above conditions are met, attorneys' fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments.  Notwithstanding the provisions of Paragraph **2. c. (2)** of Section **I** - Coverage **A -** Bodily Injury And Property Damage Liability, such payments will not be deemed to be damages for **bodily injury** and **property damage** and will not reduce the Limits of Insurance.

Our obligation to defend an insured's indemnitee and to pay for attorneys' fees and necessary litigation expenses as Supplementary Payments ends when:

a.    We have used up the applicable limit of insurance in the payment of judgments or settlements; or

b.    The conditions set forth above, or the terms of the agreement described in Paragraph **f.** above, are no longer met.

## SECTION II – SHARED EXCLUSIONS

**EXCLUSIONS APPLICABLE TO COVERAGES A, B, D, AND E.**

This insurance does not apply to:

1.    **Nuclear Hazard**

a.    Damages:

   (1)    With respect to which an insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

   (2)    Resulting from the **hazardous properties** of **nuclear material** and with respect to which:

      (a)    any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of l954, or any law amendatory thereof, or

      (b)    the insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

b.    Damages resulting from the **hazardous properties** of **nuclear material**, if:

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

    (1)   The **nuclear material**

        (a)    is at any **nuclear facility** owned by, or operated by or on behalf of, an insured; or

        (b)    has been discharged or dispersed therefrom;

    (2)   The **nuclear material** is contained in **spent fuel** or **waste** at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured; or

    (3)   The damage arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any **nuclear facility**, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion **(3)** applies only to **property damage** to such **nuclear facility** and any property thereat.

As used in this exclusion:

**a.**    **Hazardous properties** include radioactive, toxic or explosive properties;

**b.**    **Nuclear material** means **source material**, **special nuclear material** or **by-product material**;

**c.**    **Source material**, **special nuclear material**, and **by-product material** have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof; **spent fuel** means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a **nuclear reactor**;

**d.**    **Waste** means any waste material:

    (1)   Containing **by-product material** other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its **source material** content, and

    (2)   Resulting from the operation by any person or organization of any **nuclear facility** included under the first two paragraphs of the definition of **nuclear facility**.

**e.**    **Nuclear facility** means:

    (1)   Any **nuclear reactor**;

    (2)   Any equipment or device designed or used for:

        (a)    separating the isotopes of uranium or plutonium,

        (b)    processing or utilizing **spent fuel**, or

        (c)    handling, processing or packaging **waste**;

    (3)   Any equipment or device used for the processing, fabricating or alloying of **special nuclear material** if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

    (4)   Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of **waste**;

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

**f.**    **Nuclear reactor** means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

**g.**    **Property damage** includes all forms of radioactive contamination of property.

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

2.  **Fungi**

   a.  Damages which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any **fungi** regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

   b.  Any loss, cost or expenses arising out of the testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of **fungi** by any insured or by any other person or entity.

3.  **War**

   Any liability of whatever nature arising out of, resulting from, caused by or contributed to by:

   a.  War, including undeclared or civil war;

   b.  Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c.  Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

4.  **Fines And Penalties**

   Any claim seeking payment of:

   a.  Fines, penalties, or multiplied damages;

   b.  Punitive or exemplary damages, except where allowable by law; or

   c.  The cost of injunctive relief based upon or arising out of non-compliance with any statute, regulation, ordinance or administrative complaint.

5.  **Radioactive Matter**

   Any liability of whatever nature arising out of, resulting from, caused by or contributed to by:

   a.  Ionizing radiations from or contamination by radioactivity from any nuclear fuel or from any nuclear waste or from the combustion of nuclear fuel.

   b.  The radioactive, toxic, explosive or other hazardous or contaminating properties of any nuclear installation, reactor or other nuclear assembly or nuclear component thereof.

   c.  Any weapon of war employing atomic or nuclear fission and/or fusion or other like reaction or radioactive force of matter.

   d.  Radioactive contamination however caused, whenever or wherever happening.

**EXCLUSIONS APPLICABLE TO COVERAGES A AND B**

This insurance does not apply to:

1.  **Pollution**

   a.  **Bodily injury**, **property damage** or **personal and advertising injury** which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of **pollutants** at any time.

   b.  Any loss, cost or expense arising out of any:

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

    **(1)**    Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of **pollutants**; or

    **(2)**    Claim or **suit** by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, **pollutants**.

**2.**    **Asbestos**

**Bodily injury**, **property damage** or **personal and advertising injury**, sickness, disease, occupational disease, disability, shock, death, mental anguish and mental injury at any time arising out of the manufacture, mining, use, sales, installation, distribution, removal, or encapsulation of, or exposure to asbestos products, asbestos fibers or asbestos dust, or to any obligation of the insured to indemnify any party because of damages arising out of such **bodily injury**, **property damage** or **personal and advertising injury**, sickness, disease, occupational disease, disability, shock, death, mental anguish or mental injury at any time as a result of the manufacture, mining, use, sales, installation, distribution, removal, or encapsulation of or exposure to asbestos products, asbestos fibers or asbestos dust.

It is further agreed that the Company is not obligated to defend any **suit** or claim against any insured alleging **bodily injury**, **property damage** or **personal and advertising injury** resulting from or contributed to, by any and all manufacture, mining, use, sales, installation, distribution, removal, or encapsulation of or exposure to asbestos products, asbestos fibers or asbestos dust.

**3.**    **Lead**

    **a.**    **Bodily injury** arising out of the ingestion, inhalation or absorption of lead in any form, or **property damage** or **personal and advertising injury** (if applicable) arising from any form of lead;

    **b.**    Any loss, cost or expense arising out of any request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of lead; or

    **c.**    Any loss, cost or expense arising out of any claim or **suit** by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of lead.

**4.**    **Silica**

    **a.**    Any loss, claim, or **occurrence**, whether for **bodily injury**, **property damage**, or **personal and advertising injury** arising out of or in any way related to the actual, alleged or threatened discharge, dispersal, emission, release, escape, handling, contact with, exposure to or inhalation, ingestion or respiration of silica or products or substances containing silica or silicon dioxide in any form including, but not limited to, silica dust, sand or otherwise, or work involving the use of or handling of silica or silicon dioxide in any form, even if other causes are alleged to contribute to or aggravate such loss, claim or **occurrence**.

    **b.**    Any loss, claim or **occurrence** arising from or related to:

        **(1)**    Any supervision, instruction, recommendations, warnings or advice given or which should have been given in connection with the events described in Paragraph **a.**;

        **(2)**    Any obligation to indemnify, defend, share damages with or repay someone else who must pay damages because of events described in Paragraph **a.**; and

        **(3)**    Any fines or penalties imposed because of events described in Paragraph **a.**

**5.**    **Employment Related Practices**

**Bodily injury** or **personal and advertising injury** arising out of any:

    **a.**    Refusal to employ;

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

    **b.**    Termination of employment;

    **c.**    Coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or other employment-related practices, policies, acts or omissions; or

    **d.**    Consequential **bodily injury** or **personal and advertising injury** as a result of **a.** through **c.** above.

This exclusion applies whether the insured may be held liable as an employer or in any other capacity and to any obligation to share damages with or to repay someone else who must pay damages because of the injury.

**6.**    **Professional Liability**

    **Bodily injury**, **property damage** or **personal and advertising injury** based upon or arising out of the rendering of or failure to render **professional services**.

## SECTION III - WHO IS AN INSURED

**1.**    If you are designated in the Declarations as:

    **a.**    An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

    **b.**    A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

    **c.**    A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

    **d.**    An organization other than a partnership, joint venture or limited liability company, you are an insured. Your **executive officers** and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

    **e.**    A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

**2.**    Each of the following is also an insured:

    **a.**    Your **volunteer workers** only while performing duties related to the conduct of your business, or your **employees**, other than either your **executive officers** (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these **employees** or **volunteer workers** are insureds for:

        **(1)**    **Bodily injury** or **personal and advertising injury**:

            **(a)**    To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-**employee** while in the course of his or her employment or performing duties related to the conduct of your business, or to your other **volunteer workers** while performing duties related to the conduct of your business;

            **(b)**    To the spouse, child, parent, brother or sister of that co-**employee** or **volunteer worker** as a consequence of Paragraph **(1)(a)** above;

            **(c)**    For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs **(1)(a)** or **(b)** above; or

            **(d)**    Arising out of his or her providing or failing to provide professional health care services.

        **(2)**    **Property damage** to property:

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

    **(a)**   Owned, occupied or used by, or

    **(b)**   Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by

    you, any of your **employees**, **volunteer workers**, any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

**b.**   With respect to Coverages **A**, **B**, and **C**, any person (other than your **employee** or **volunteer worker**), or any organization while acting as your real estate manager.

**c.**   Any person or organization having proper temporary custody of your property if you die, but only:

    **(1)**   With respect to liability arising out of the maintenance or use of that property; and

    **(2)**   Until your legal representative has been appointed.

**d.**   Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this policy.

**3.**   Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

    **a.**   Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

    **b.**   Coverage **A** does not apply to **bodily injury** or **property damage** that occurred before you acquired or formed the organization; and

    **c.**   Coverage **B** does not apply to **personal and advertising injury** arising out of an offense committed before you acquired or formed the organization; and

    **d.**   Coverage **D** does not apply to **bodily injury** or **property damage** that occurred before you acquired or formed the organization; and

    **e.**   Coverage **E** does not apply to any act, error or omission in the performance of **professional services** rendered before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

**4.**   Solely with the respect to Coverages **A**, **B** and **D**, your clients, provided a written contract or agreement is in effect between you and the client, and solely with respect to **your work** performed by or on your behalf for that client. Such written contract or agreement must be in effect prior to the **occurrence** giving rise to the claim or **suit** for which the client seeks coverage. Your clients are covered under this policy only for Limits of Liability up to and not exceeding the amount required by the written contract or agreement and subject to the Limits of Liability of this policy.

## SECTION IV - LIMITS OF INSURANCE

**1.**   The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

    **a.**   Insureds;

    **b.**   Claims made or **suits** brought; or

    **c.**   Persons or organizations making claims or bringing **suits**.

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

2. The General Aggregate Limit is the most we will pay for the sum of:

    a. Medical expenses under Coverage **C**;

    b. Damages under Coverage **A** except damages because of **bodily injury** or **property damage** included in the **products-completed operations hazard**;

    c. Damages under Coverage **B**; and

    d. Damages and supplementary payments under Coverages **D** and **E**.

3. The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage **A** for damages because of **bodily injury** and **property damage** included in the **products-completed operations hazard.**

4. Subject to **2.** above, the Personal and Advertising Injury Limit is the most we will pay under Coverage **B** for the sum of all damages because of all **personal and advertising injury** sustained by any one person or organization.

5. Subject to **2.** or **3.** above, whichever applies, the Each **Occurrence** Limit is the most we will pay for the sum of:

    a. Damages under Coverage **A**.

    b. Medical expenses under Coverage **C**; and

    c. Damages and supplementary payments under Coverage **D**;

    because of all **bodily injury** and **property damage** arising out of any one **occurrence**.

6. Subject to **2.** or **3.** above, whichever applies, the Each Claim Limit is the most we will pay for the sum of damages and supplementary payments under Coverage **E** because of any one claim.

7. Subject to **5.** above, the Damage To Premises Rented To You Limit is the most we will pay under Coverage **A** for damages because of **property damage** to any one premises, while rented to you, or in the case of damage by fire, while rented to you or temporarily occupied by you with permission of the owner.

8. Subject to **5.** above, the Medical Expense Limit is the most we will pay under Coverage **C** for all medical expenses because of **bodily injury** sustained by any one person.

## SECTION V - POLICY CONDITIONS

1. **Bankruptcy**

    Bankruptcy or insolvency of the insured or of the insured's estate will not relieve us of our obligations under this policy.

2. **Cancellation**

    a. This policy may be cancelled by the first Named Insured shown in the Declarations or by endorsement by mailing or delivering written notice to us stating when the cancellation date shall be effective.

    b. This policy may be cancelled by us for the following reasons:

        (1) non-payment of premium;

        (2) material misrepresentation or fraud by you;

        (3) material change in the nature of risk as outlined in the application and submission materials on file with us; or

        (4) the insured's failure to comply with the terms and conditions under this policy including the failure to

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

pay any deductible amount or audit premium when due;

by mailing to the first Named Insured, at the last known address, written notice of not less than ten (10) days if cancellation is for either reasons **(1)** or **(2)** above, or thirty (30) days if cancellation is for either reasons **(3)** or **(4)** above. Proof of mailing of notice shall be sufficient proof of notice. The effective date and hour of cancellation stated in the notice shall be the end of the policy period.

**3.** **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

    **a.** You must see to it that we are notified as soon as practicable of an **occurrence** or an offense which may result in a claim or **suit**. To the extent possible, notice should include:

        **(1)** How, when and where the **occurrence** or offense took place;

        **(2)** The names and addresses of any injured persons and witnesses; and

        **(3)** The nature and location of any injury or damage arising out of the **occurrence** or offense.

    **b.** If a claim is made or **suit** is brought against any insured, you must:

        **(1)** Immediately record the specifics of the claim or **suit** and the date received; and

        **(2)** Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or **suit** as soon as practicable.

    **c.** You and any other involved insured must:

        **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or **suit**;

        **(2)** Authorize us to obtain records and other information;

        **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the **suit**; and

        **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

    **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

    **e.** At the time you become aware of an act, error or omission to which this policy applies, if during the policy period you give us written notice containing the following:

        **(1)** Details of the actual or alleged act, error or omission and the **professional services** rendered by you or on your behalf;

        **(2)** The specific nature of the damages which have been sustained; and

        **(3)** Details of how you first became aware of such act, error or omission;

    then any claim that may subsequently be made against you arising out of such act, error or omission shall be deemed to have been made on the date we first received written notice of the act, error or omission.

    This act, error or omission reporting provision shall terminate at the end of the policy period and shall not exist during the Automatic Extended Reporting Period or the Supplemental Extended Reporting Period.

**4.** **Inspection And Survey**

    With reasonable notice to the insured, we shall be permitted, but not obligated, to inspect the insured's property and/or operations. Neither our right to make inspections or any report thereon, shall constitute an undertaking, on

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

behalf of or for the benefit of you or others, to determine or warrant that such property or operations are safe or in compliance with environmental law, or any other law.

5. **Legal Action Against Us**

No person or organization has a right under this policy:

a.     To join us as a party or otherwise bring us into a **suit** asking for damages from an insured; or

b.     To sue us on this policy unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this policy or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative. For purposes of this condition, a consent judgment, stipulated judgment, agreed judgment, consent decree or consent order reached without our written agreement is neither an agreed settlement nor a final judgment.

6. **Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under this policy, our obligations are limited as follows:

a.     **Primary Insurance**

    This insurance is primary except when **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in **c.** below.

b.     **Excess Insurance**

    This insurance is excess over:

    (1)     Any of the other insurance, whether primary, excess, contingent or on any other basis:

        (a)     That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for **your work**;

        (b)     That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

        (c)     That is insurance purchased by you to cover your liability as a tenant for **property damage** to premises rented to you or temporarily occupied by you with permission of the owner; or

        (d)     If the loss arises out of the maintenance or use of aircraft, **auto** or watercraft to the extent not subject to Exclusion **d.**, of Section I - Coverage **A** - Bodily Injury And Property Damage Liability.

    (2)     Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.

    When this insurance is excess, we will have no duty under this policy to defend the insured against any **suit** if any other insurer has a duty to defend the insured against that **suit**. If no other insurer has the obligation to defend, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

    When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

    (1)     The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

**(2)**     The total of all deductible and self insured retention amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this policy.

**c.     Method Of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable Limits of Insurance of all insurers.

**7.     Premium Audit**

**a.**     We will compute all premiums for this policy in accordance with our rules and rates.

**b.**     Premium shown in this policy as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period and send notice to the first Named Insured shown in the Declarations or as amended by endorsement. The due date for audit and retrospective premiums is the date shown as the due date on the bill. If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, we will return the excess to the first Named Insured, subject to the minimum premium stated within the policy.

**c.**     The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.

**d.**     We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to (3) three years after the end of the policy period.

**8.     Premium Payment**

The first Named Insured shown in the Declarations is responsible for the payment of all premiums due and will be the payee for any returned premiums we pay.

**9.     Representations**

By accepting this policy, you agree:

**a.**     The statements in the Declarations are accurate and complete;

**b.**     Those statements are based upon representations you made to us; and

**c.**     We have issued this policy in reliance upon your representations.

**10.     Separation Of Insureds**

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this policy to the first Named Insured, this insurance applies:

**a.**     As if each Named Insured were the only Named Insured; and

**b.**     Separately to each insured against whom claim is made or **suit** is brought.

**11.     Transfer Of Policy**

Your rights and duties under this policy may not be transferred without our written consent.

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

12. **Transfer Of Rights Of Recovery Against Others To Us**

If the insured has rights to recover all or part of any payment we have made under this policy, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring **suit** or transfer those rights to us and help us enforce them.

13. **When We Do Not Renew**

If we decide not to renew this policy, we will mail or deliver to the first Named Insured shown in the Declarations written notice of the non-renewal not less than 30 days before the expiration date.

If notice is mailed, proof of mailing will be sufficient proof of notice.

## SECTION VI – EXTENDED REPORTING PERIOD – COVERAGE E ONLY

1. We will provide one or more Extended Reporting Periods, as described below, if:

   a. This policy is canceled or not renewed; or

   b. We renew or replace the coverage provided under Coverage **E** of this policy with insurance that:

      (1) Has a Retroactive Date later than the date shown in the Declarations; or

      (2) Does not apply on a claims made basis.

2. Extended Reporting Periods do not extend the policy period, change the scope of coverage provided or reinstate or increase the Limits of Insurance. They apply only to claims resulting from actual or alleged acts, errors or omissions in the performance of **professional services** made before the end of the policy period but not before the Retroactive Date, if any, shown in the Declarations. Once in effect, Extended Reporting Periods may not be canceled.

3. A Basic Extended Reporting Period is automatically provided without additional charge. This period starts with the end of the policy period and lasts for forty five (45) days with respect to claims first made against you and reported to us in writing. The Basic Extended Reporting Period does not apply to claims that are covered under any subsequent insurance you purchase, or that would be covered but for exhaustion of the amount of insurance applicable to such claims.

4. A Supplemental Extended Reporting Period of up to thirty-six (36) months is available with respect to claims first made against you and reported to us in writing but only by an endorsement and for an extra charge. This supplemental period starts when the Basic Extended Reporting Period, set forth in Paragraph **3.** above, ends.

   You must give us a written request for the endorsement within 45 days after the end of the policy period. The Supplemental Extended Reporting Period will not go into effect unless you pay the additional premium promptly when due.

   We will determine the additional premium in accordance with our rules and rates. In doing so, we may take into account the following:

   a. The exposures insured;

   b. Previous types and amounts of insurance;

   c. Limits of Insurance available under this policy for future payment of damages; and

   d. Other related factors.

   The additional premium will not exceed 100% of the annual premium for this policy.

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

The Extended Reporting Period endorsement shall set forth the terms, not inconsistent with this section, applicable to the Supplemental Extended Reporting Period, including a provision to the effect that the insurance afforded for claims first received during such period is excess over any other valid and collectible insurance available under policies in force after the Supplemental Extended Reporting Period starts.

## SECTION VII – DEFINITIONS

1. **Advertisement** means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

   a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and

   b. Regarding websites, only that part of a website that is about your goods, products or services for the purposes of attracting customers or supporters is considered an **advertisement**.

2. **Auto** means:

   a. A land motor vehicle, trailer or semi trailer designed for travel on public roads, including any attached machinery or equipment; or

   b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.

   However, **auto** does not include **mobile equipment**.

3. **Bodily Injury** means physical injury, sickness, disease, mental anguish, or emotional distress, sustained by any person, including death resulting from any of these at any time.

4. **Cleanup Costs** means the reasonable expenses incurred for the investigation, monitoring, testing, removal, disposal, neutralization, or treatment of **pollution conditions** to the extent required by applicable federal, state or local governmental law pursuant under which the insured has or may have a legal obligation.

5. **Coverage Territory** means:

   a. The United States of America (including its territories and possessions), Puerto Rico and Canada; and

   b. All other parts of the world if the insured's responsibility to pay damages is determined in a **suit** on the merits, in the territory described in **a.** above or in a settlement we agree to.

6. **Employee** includes a **leased worker**. **Employee** does not include a **temporary worker**.

7. **Executive Officer** means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

8. **Fungi** means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or by-products produced or released by **fungi**, but does not include any **fungi** intended by the insured for consumption.

9. **Impaired Property** means tangible property, other than **your product** or **your work**, that cannot be used or is less useful because:

   a. It incorporates **your product** or **your work** that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by:

   a. The repair, replacement, adjustment or removal of **your product** or **your work**; or

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

    **b.**   Your fulfilling the terms of the contract or agreement.

**10.**  **Insured Contract** means:

    **a.**   A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an **insured contract**;

    **b.**   A sidetrack agreement;

    **c.**   Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

    **d.**   An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

    **e.**   An elevator maintenance agreement;

    **f.**   That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for **bodily injury** or **property damage** to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

    **g.**   Paragraph **f.** does not include that part of any contract or agreement:

        **(1)**   That indemnifies a railroad for **bodily injury** or **property damage** arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing;

        **(2)**   That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

            **(a)**   Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

            **(b)**   Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

        **(3)**   Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render **professional services**, including those listed in **(2)** above and supervisory, inspection, architectural or engineering activities.

**11.**  **Leased Worker** means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. **Leased worker** does not include a **temporary worker**.

**12.**  **Loading Or Unloading** means the handling of property:

    **a.**   After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or **auto**;

    **b.**   While it is in or on an aircraft, watercraft or **auto**; or

    **c.**   While it is being moved from an aircraft, watercraft or **auto** to the place where it is finally delivered;

    but **loading or unloading** does not include the movement of property by means of a mechanical device, other than a hand truck that is not attached to the aircraft, watercraft or **auto**.

**13.**  **Mobile Equipment** means any of the following types of land vehicles, including any attached machinery or equipment:

    **a.**   Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

b.      Vehicles maintained for use solely on or next to premises you own or rent;

c.      Vehicles that travel on crawler treads;

d.      Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

     (1)      Power cranes, shovels, loaders, diggers or drills; or

     (2)      Road construction or resurfacing equipment such as graders, scrapers or rollers;

e.      Vehicles not described in **a.**, **b.**, **c.**, or **d.** above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

     (1)      Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

     (2)      Cherry pickers and similar devices used to raise or lower workers;

f.      Vehicles not described in **a.**, **b.**, **c.**, or **d.** above maintained primarily for purposes other than the transportation of persons or cargo.

However, self-propelled vehicles with the following types of permanently attached equipment are not **mobile equipment** but will be considered **autos**:

     (1)      Equipment designed primarily for:

         (a)      Snow removal;

         (b)      Road maintenance, but not construction or resurfacing; or

         (c)      Street cleaning;

     (2)      Cherry pickers and similar devices mounted on **auto** or truck chassis and used to raise or lower workers; and

     (3)      Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

However, **mobile equipment** does not include any land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered **autos**.

14.      **Natural Resource Damage** means damage to, injury to, destruction of, or loss of, ground water, wildlife, biota, air, land, water, fish, drinking water supplies, and/or similar resources belonging to, held in trust by, managed by, appertaining to, or otherwise controlled by the United States, any State or local government, any foreign government, or any Indian Tribe, including the reasonable costs of assessing such injury, destruction or loss resulting therefrom.

15.      **Occurrence** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

16.      **Personal And Advertising Injury** means injury, including consequential **bodily injury**, arising out of one or more of the following offenses:

a.      False arrest, detention or imprisonment;

b.      Malicious prosecution;

c.      The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

    d.    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e.    Oral or written publication, in any manner, of material that violates a person's right of privacy;

    f.    The use of another's advertising idea in your **advertisement**; or

    g.    Infringing upon another's copyright, trade dress or slogan in your **advertisement.**

17.    **Pollutant(s)** means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapors, soot, fumes, acids, alkalis, chemicals, and waste.  Waste includes materials to be recycled, reconditioned or reclaimed.

18.    **Pollution Conditions** means the discharge, dispersal, release, seepage, migration, or escape of **pollutants**.

19.    **Products-Completed Operations Hazard**:

    a.    Includes all **bodily injury** and **property damage** occurring away from premises you own or rent and arising out of **your product** or **your work** except:

        (1)    Products that are still in your physical possession; or

        (2)    Work that has not yet been completed or abandoned. However, **your work** will be deemed completed at the earliest of the following times:

            (a)    When all of the work called for in your contract has been completed.

            (b)    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

            (c)    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

        Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    b.    Does not include **bodily injury** or **property damage** arising out of:

        (1)    The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the **loading or unloading** of that vehicle by any insured;

        (2)    The existence of tools, uninstalled equipment or abandoned or unused materials; or

        (3)    Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

20.    **Professional Services** means those services performed by you or on your behalf, that are related to your practice as an engineer, consultant, architect, or surveyor that are performed for others for a fee.

21.    **Property Damage** means:

    a.    Physical injury to tangible property, including resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it;

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the **occurrence** that caused it; or

    c.    Solely with respect to Section **I** - Coverages **D** and **E**, **property damage** shall include **cleanup costs** and **natural resource damage.**

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

22. **Suit** means a civil proceeding in which damages because of **bodily injury**, **property damage**, **personal and advertising injury**, or **professional services** to which this insurance applies are alleged. **Suit** includes:

    **a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    **b.** Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

23. **Temporary Worker** means a person who is furnished to you to substitute for a permanent **employee** on leave or to meet seasonal or short-term workload conditions.

24. **Volunteer Worker** means a person who is not your **employee**, and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

25. **Your Product**:

    **a.** Means:

        **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

            **(a)** You;

            **(b)** Others trading under your name; or

            **(c)** A person or organization whose business or assets you have acquired; and

        **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    **b.** Includes:

        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **your product**; and

        **(2)** The providing of or failure to provide warnings or instructions.

    **c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

26. **Your Work**:

    **a.** Means:

        **(1)** Work or operations performed by you or on your behalf; and

        **(2)** Materials, parts or equipment furnished in connection with such work or operations.

    **b.** Includes:

        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **your work**, and

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

**(2)** The providing of or failure to provide warnings or instructions.

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

# POLICY CHANGES

POLICY CHANGE NUMBER:

| POLICY NUMBER | POLICY CHANGES EFFECTIVE | COMPANY |
|---|---|---|
| ECP2004369-15 | 12/30/2016 | Nautilus Insurance Company |

| NAMED INSURED | AUTHORIZED REPRESENTATIVE |
|---|---|
| Dynamic Fire Protection, LLC<br>9771 MS Highway 25<br>Starkville, MS 39759 | |

**COVERAGE PARTS AFFECTED:**

Coverage E Professional Liability

## Amendment to the Definition of Professional Services

This endorsement modifies insurance provided under the following:

**SECTION VII - DEFINITIONS** paragraph **20. Professional Services** is deleted in its entirety and replaced as follows:

**Professional Services** means those professional services by you or on your behalf including, but not limited to, engineer, consultant, supervisory or inspection activities, construction manager by agency, architect or surveyor.

**All other terms and conditions remain unchanged.**

BSUM-1200 (09-16)

## POLICY CHANGES

POLICY CHANGE NUMBER:

| POLICY NUMBER | POLICY CHANGES EFFECTIVE | COMPANY |
|---|---|---|
| ECP2004369-15 | 12/30/2016 | Nautilus Insurance Company |

| NAMED INSURED | AUTHORIZED REPRESENTATIVE |
|---|---|
| Dynamic Fire Protection, LLC<br>9771 MS Highway 25<br>Starkville, MS 39759 | |

**COVERAGE PARTS AFFECTED:**

Coverage D Contractors Pollution Liability

## Amendment to Pollution – Products Liability Exclusion

This endorsement modifies insurance provided under the following:

Under SECTION I - COVERAGES, COVERAGE D CONTRACTORS POLLUTION LIABILITY, Exclusions 2. e. is deleted in its entirety and replaced as follows:

**Products Liability**

**Bodily injury** or **property damage** arising out of **your product**. This includes, but is not limited to, any **property damage** to **your product**. However, this exclusion does not apply to **bodily injury** or property damage arising out of sprinkler materials, parts or equipment furnished in connection with **your work**.

**All other terms and conditions remain unchanged.**

BSUM-1200 (09-16)

Page **1** of 1

# POLICY CHANGES

POLICY CHANGE NUMBER:

| POLICY NUMBER | POLICY CHANGES EFFECTIVE | COMPANY |
|---|---|---|
| ECP2004369-15 | 12/30/2016 | Nautilus Insurance Company |

| NAMED INSURED | AUTHORIZED REPRESENTATIVE |
|---|---|
| Dynamic Fire Protection, LLC<br>9771 MS Highway 25<br>Starkville, MS 39759 | |

**COVERAGE PARTS AFFECTED:**

Coverage A Bodily Injury and Property Damage Liability
Coverage B Personal and Advertising Injury Liability
Coverage D Contractors Pollution Liability
Coverage E Professional Liability

## Deductible Endorsement

This endorsement forms a part of the policy to which it is attached. Please read it carefully.

| DEDUCTIBLES: | |
|---|---|
| Coverage A Bodily Injury and Property Damage Liability: | $5,000 |
| Coverage B Personal and Advertising Injury Liability: | $5,000 |
| Coverage D Contractors Pollution Liability: | $5,000 |
| Coverage E Professional Liability: | $5,000 |

In consideration of the premium charged, and notwithstanding anything contained in this policy to the contrary, it is hereby agreed that such coverage as is afforded by this policy shall be subject to the following additional provisions:

Our obligation under Coverage A Bodily Injury and Property Damage Liability, Coverage B Personal and Advertising Injury Liability, Coverage D Contractors Pollution Liability and Coverage E Professional Liability to pay damages, or our obligation to pay Supplementary Payments (defense costs and expenses) under Coverage D Contractors Pollution Liability or Coverage E Professional Liability, on your behalf applies only in excess of the deductible amounts stated above.

The deductible amounts stated above apply once to all damages sustained as the result of any one **occurrence** under Coverage A, or one offense under Coverage B, or one **pollution condition** or out of the same, related or continuous **pollution condition(s)** under Coverage D. The deductible amount stated above shall apply separately for each claim arising out of any one act, error, or omission under Coverage E.

Solely with respect to Coverages D or E, Supplementary Payments (defense costs and expenses) payable by the insured

**All other terms and conditions remain unchanged.**

shall contribute to the exhaustion of the stated deductible amount.

The terms of this insurance, including those with respect to:

**1.** Our right and duty to defend any **suit** seeking damages; and

**2.** Your duties in the event of an **occurrence,** claim, or **suit;**

apply irrespective of the application of the deductible amount.

We retain sole discretion in choosing and appointing counsel to represent the Insured in the defense of any claim or **suit**.

We retain final settlement authority within the deductible. If the Insured does not accept an offer of settlement we deem reasonable, we shall have no responsibility for any damages or supplementary payments above what we would have paid had the claim been settled for any reasonable offer within the deductible.

The Limits of Insurance shall apply in excess of the deductible. The deductible shall be paid by the insured and is not to be insured unless the Company has given its prior consent in writing to the Named Insured.

The Company may advance in its discretion payment of all or part of the deductible. The insured must promptly reimburse the Company any such payment and the Limits of Insurance will be deemed to have been paid by the Company and the available limits reduced in a commensurate amount unless and until the reimbursement is made. Such reduction, however, does not relieve the insured of its obligation to repay such advanced amount and the Company continues to have the right to recover such amount from the insured. Once the payments are recovered in whole or in part, the Limits of Insurance shall be reinstated, but only as to that amount of the deductible that was repaid.

If an insured does not repay any such advance, the deductible shall also become the obligation of the Named Insured.

**All other terms and conditions remain unchanged.**

## POLICY CHANGES

POLICY CHANGE NUMBER:

| POLICY NUMBER | POLICY CHANGES EFFECTIVE | COMPANY |
|---|---|---|
| ECP2004369-15 | 12/30/2016 | Nautilus Insurance Company |

| NAMED INSURED | AUTHORIZED REPRESENTATIVE |
|---|---|
| Dynamic Fire Protection, LLC<br>9771 MS Highway 25<br>Starkville, MS 39759 | |

**COVERAGE PARTS AFFECTED:**

Coverage E Professional Liability

## Amendment to Professional – Products Liability Exclusion

This endorsement modifies insurance provided under the following:

Under **SECTION I - COVERAGES, COVERAGE E PROFESSIONAL LIABILITY, Exclusions 2. f.** is deleted in its entirety and replaced as follows:

**Products Liability**

**Bodily injury** or **property damage** arising out of **your product**. This includes, but is not limited to, any **property damage** to **your product**. However, this exclusion does not apply to **bodily injury** or **property damage** arising out of sprinkler materials, parts or equipment furnished in connection with **your work**.

**All other terms and conditions remain unchanged.**

**INTERLINE**
**IL 12 02 01 16**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ CAREFULLY**

# OFFICE OF FOREIGN ASSET CONTROL (OFAC)
# EXCLUSION ENDORSEMENT

No insurer shall be deemed to provide cover and no insurer shall be liable to pay any claim or provide any benefit hereunder to the extent that the provision of such cover, payment of such claim or provision of such benefit would expose that insurer to any sanction, prohibition or restriction under United Nations resolutions or the trade or economic sanctions laws or regulations of the European Union, United Kingdom or the United States.

# ENDORSEMENT

This endorsement forms a part of the policy to which it is attached. Please read it carefully.

| SERVICE OF SUIT |
|---|

Pursuant to any statute of any state, territory or district of the United States which makes provision therefore, we hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the Statute, or his successor or successors in office, as our true and lawful attorney upon whom may be served any lawful process in any action, "suit" or proceeding instituted by or on behalf of you or any beneficiary hereunder arising out of this contract of insurance, and hereby designate the above named as the person to whom the said officer is authorized to mail such process or a true copy thereof.

It is further agreed that service of process in such "suit" may be made upon Michael Kilgas, or his nominee of the Company at 7233 East Butherus Drive, Scottsdale, Arizona 85260 and that in any "suit" instituted against any one of them upon this policy, we will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

It is agreed that in any state requiring a standard form of policy, insurance hereunder on values or properties in such state shall attach and cover in accordance with the terms and conditions of such standard form.

# ENDORSEMENT

This endorsement forms a part of the policy to which it is attached. Please read it carefully.

---

## ADDITIONAL INSURED – COVERAGE A, B & D – SCHEDULED PERSON OR ORGANIZATION

---

This endorsement modifies insurance provided under the following:

**ENVIRONMENTAL COMBINED POLICY**

In consideration of the premium charged and notwithstanding anything contained in the policy to the contrary, it is hereby agreed and understood that this endorsement shall apply only to the Coverage Part(s) corresponding with the box or boxes marked below.

☒ **COVERAGE A AND B – GENERAL LIABILITY**

☐ **COVERAGE D – CONTRACTORS POLLUTION LIABILITY**

### SCHEDULE

| |
|---|
| **Name of Person or Organization:** <br> Any person or organization that you are required by written contract or agreement to include as an additional insured |
| **Job Description/Location:** <br> Any location |

**SECTION III – WHO IS AN INSURED** is amended to include as an insured, with respect to Coverage **A**, **B** and **D**, any person(s) or organization(s) shown in the schedule above.

Such additional insured status applies only:

1. Under **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and **COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY** for claims or **suits** resulting from:

   a. **Your work** performed for such person(s) or organization(s) in the performance of your ongoing operations for the additional insured; or

   b. **Your work** performed for such person(s) or organization(s) and included in the **products-completed operations hazard.**

2. Under **COVERAGE D CONTRACTORS POLLUTION LIABILITY** for claims or **suits** arising out of out **pollution conditions** that are the results of:

   a. **Your work** performed for such person(s) or organization(s) in the performance of your ongoing operations for the additional insured; or

   b. **Your work** performed for such person(s) or organization(s) and included in the **products-completed operations hazard.**

With respect to damages caused by **your work**, as described above, the coverage provided hereunder shall be primary and not contributing with any other insurance available to those person(s) or organization(s) shown in the schedule above.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**

---

© 2010 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved. <br> © 1985-2006 by Insurance Services Office, Inc., material used by permission.

# ENDORSEMENT

This endorsement forms a part of the policy to which it is attached. Please read it carefully.

| EMPLOYEE BENEFIT LIABILITY COVERAGE |
|---|

## THIS ENDORSEMENT PROVIDES CLAIMS MADE COVERAGE.

This endorsement modifies insurance provided under the following:

**ENVIRONMENTAL COMBINED POLICY**

### SCHEDULE

| Coverage | Limit Of Insurance | | Deductible | | Premium |
|---|---|---|---|---|---|
| Employee Benefits Programs | $1,000,000 | Each Employee | $1,000 | Each Employee | Included |
| | $1,000,000 | Aggregate | | | |
| Retroactive Date: | 12/30/2008 | | | | |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**A.** The following is added to **SECTION I – COVERAGES**:

**COVERAGE – EMPLOYEE BENEFITS LIABILITY**

    **1.** **Insuring Agreement**

        **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of any act, error or omission, of the insured, or of any other person for whose acts the insured is legally liable, to which this insurance applies. We will have the right and duty to defend the insured against any **suit** seeking those damages. However, we will have no duty to defend the insured against any **suit** seeking damages to which this insurance does not apply. We may, at our discretion, investigate any report of an act, error or omission and settle any **claim** or suit that may result. But:

            **(1)** The amount we will pay for damages is limited as described in Paragraph **E.** of this endorsement (**SECTION IV – LIMITS OF INSURANCE**); and

            **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements.

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.

        **b.** This insurance applies to damages only if:

            **(1)** The act, error or omission, is negligently committed in the **administration** of your **employee benefit program**;

            **(2)** The act, error or omission, did not take place before the Retroactive Date, if any, shown in the Schedule nor after the end of the policy period; and

            **(3)** A **claim** for damages, because of an act, error or omission, is first made against any insured, in accordance with Paragraph **c.** below, during the policy period or an Extended Reporting Period we provide under Paragraph **G.** of this endorsement.

    c.    A **claim** seeking damages will be deemed to have been made at the earlier of the following times:

        **(1)**    When notice of such **claim** is received and recorded by any insured or by us, whichever comes first; or

        **(2)**    When we make settlement in accordance with Paragraph **1.a.** above.

        A **claim** received and recorded by the insured within 60 days after the end of the policy period will be considered to have been received within the policy period, if no subsequent policy is available to cover the **claim**.

    d.    All **claims** for damages made by an **employee** because of any act, error or omission, or a series of related acts, errors or omissions, including damages claimed by such **employee's** dependents and beneficiaries, will be deemed to have been made at the time the first of those **claims** is made against any insured.

**2.**    **Exclusions**

This insurance does not apply to:

    **a.**    **Dishonest, Fraudulent, Criminal Or Malicious Act**

        Damages arising out of any intentional, dishonest, fraudulent, criminal or malicious act, error or omission, committed by any insured, including the willful or reckless violation of any statute.

    **b.**    **Bodily Injury, Property Damage, Or Personal And Advertising Injury**

        **Bodily injury**, **property damage** or **personal and advertising injury**.

    **c.**    **Failure To Perform A Contract**

        Damages arising out of failure of performance of contract by any insurer.

    **d.**    **Insufficiency Of Funds**

        Damages arising out of an insufficiency of funds to meet any obligations under any plan included in the **employee benefit program**.

    **e.**    **Inadequacy Of Performance Of Investment/Advice Given With Respect To Participation**

        Any **claim** based upon:

        **(1)**    Failure of any investment to perform;

        **(2)**    Errors in providing information on past performance of investment vehicles; or

        **(3)**    Advice given to any person with respect to that person's decision to participate or not to participate in any plan included in the **employee benefit program**.

    **f.**    **Workers' Compensation And Similar Laws**

        Any **claim** arising out of your failure to comply with the mandatory provisions of any workers' compensation, unemployment compensation insurance, social security or disability benefits law or any similar law.

    **g.**    **ERISA**

        Damages for which any insured is liable because of liability imposed on a fiduciary by the Employee Retirement Income Security Act of 1974, as now or hereafter amended, or by any similar federal, state or local laws.

    h.    **Available Benefits**

        Any **claim** for benefits to the extent that such benefits are available, with reasonable effort and cooperation of the insured, from the applicable funds accrued or other collectible insurance.

    i.    **Taxes, Fines Or Penalties**

        Taxes, fines or penalties, including those imposed under the Internal Revenue Code or any similar state or local law.

    j.    **Employment-Related Practices**

        Damages arising out of wrongful termination of employment, discrimination, or other employment-related practices.

**B.**    For the purposes of the coverage provided by this endorsement:

    **1.**    All references to **SUPPLEMENTARY PAYMENTS – COVERAGES A, B, D, AND E** are replaced by **SUPPLEMENTARY PAYMENTS – COVERAGES A, B, D, E, AND EMPLOYEE BENEFITS LIABILITY**.

    **2.**    Paragraphs **1.b.** and **2.** of the Supplementary Payments provision do not apply.

**C.**    For the purposes of the coverage provided by this endorsement, Paragraphs **2.** and **4.** of **SECTION III – WHO IS AN INSURED** are replaced by the following:

    **2.**    Each of the following is also an insured:

        **a.**    Each of your **employees** who is or was authorized to administer your **employee benefit program**.

        **b.**    Any persons, organizations or **employees** having proper temporary authorization to administer your **employee benefit program** if you die, but only until your legal representative is appointed.

        **c.**    Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Endorsement.

    **4.**    Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if no other similar insurance applies to that organization. However:

        **a.**    Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier.

        **b.**    Coverage under this provision does not apply to any act, error or omission that was committed before you acquired or formed the organization.

**D.**    For the purposes of the coverage provided by this endorsement, Paragraph **3.** of **SECTION III – WHO IS AN INSURED** does not apply.

**E.**    For the purposes of the coverage provided by this endorsement, **SECTION IV – LIMITS OF INSURANCE** is replaced by the following:

    **1.**    **Limits Of Insurance**

        **a.**    The Limits of Insurance shown in the Schedule and the rules below fix the most we will pay regardless of the number of:

            **(1)**    Insureds;

            **(2)**    **Claims** made or **suits** brought;

      **(3)**    Persons or organizations making **claims** or bringing **suits**;

      **(4)**    Acts, errors or omissions; or

      **(5)**    Benefits included in your **employee benefit program**.

**b.**    The Aggregate Limit is the most we will pay for all damages because of acts, errors or omissions negligently committed in the **administration** of your **employee benefit program.**

**c.**    Subject to the Aggregate Limit, the Each Employee Limit is the most we will pay for all damages sustained by any one **employee**, including damages sustained by such **employee's** dependents and beneficiaries, as a result of:

      **(1)**    An act, error or omission; or

      **(2)**    A series of related acts, errors or omissions

    negligently committed in the **administration** of your **employee benefit program**.

    However, the amount paid under this endorsement shall not exceed, and will be subject to, the limits and restrictions that apply to the payment of benefits in any plan included in the **employee benefit program**.

**2.**    **Deductible**

**a.**    Our obligation to pay damages on behalf of the insured applies only to the amount of damages in excess of the deductible amount stated in the Schedule as applicable to Each Employee. The limits of insurance shall not be reduced by the amount of this deductible.

**b.**    The deductible amount stated in the Schedule applies to all damages sustained by any one **employee**, including such **employee's** dependents and beneficiaries, because of all acts, errors or omissions to which this insurance applies.

**c.**    The terms of this insurance, including those with respect to:

      **(1)**    Our right and duty to defend any **suits** seeking those damages; and

      **(2)**    Your duties, and the duties of any other involved insured, in the event of an act, error or omission, or **claim**

    apply irrespective of the application of the deductible amount.

**d.**    We may pay any part or all of the deductible amount to effect settlement of any **claim** or **suit** and, upon notification of the action taken, you shall promptly reimburse us for such part of the deductible amount as we have paid.

**F.**    For the purposes of the coverage provided by this endorsement, Conditions **3.** and **6.** of **SECTION V – POLICY CONDITIONS** are replaced by the following:

**3.**    **Duties In The Event Of An Act, Error Or Omission, Claim Or Suit**

**a.**    You must see to it that we are notified as soon as practicable of an act, error or omission which may result in a **claim**. To the extent possible, notice should include:

      **(1)**    What the act, error or omission was and when it occurred; and

      **(2)**    The names and addresses of anyone who may suffer damages as a result of the act, error or omission.

    **b.**    If a **claim** is made or **suit** is brought against any insured, you must:

        **(1)**    Immediately record the specifics of the **claim** or **suit** and the date received; and

        **(2)**    Notify us as soon as practicable.

        You must see to it that we receive written notice of the **claim** or **suit** as soon as practicable.

    **c.**    You and any other involved insured must:

        **(1)**    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the **claim** or **suit**;

        **(2)**    Authorize us to obtain records and other information;

        **(3)**    Cooperate with us in the investigation or settlement of the **claim** or defense against the **suit**; and

        **(4)**    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of an act, error or omission to which this insurance may also apply.

    **d.**    No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation or incur any expense without our consent.

**6.**    **Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under this endorsement, our obligations are limited as follows:

    **a.**    **Primary Insurance**

        This insurance is primary except when **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in **c.** below.

    **b.**    **Excess Insurance**

        **(1)**    This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis that is effective prior to the beginning of the policy period shown in the Schedule of this insurance and that applies to an act, error or omission on other than a claims made basis, if:

            **(a)**    No Retroactive Date is shown in the Schedule of this insurance; or

            **(b)**    The other insurance has a policy period which continues after the Retroactive Date shown in the Schedule of this insurance.

        **(2)**    When this insurance is excess, we will have no duty to defend the insured against any **suit** if any other insurer has a duty to defend the insured against that **suit**. If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

        **(3)**    When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of the total amount that all such other insurance would pay for the loss in absence of this insurance; and the total of all deductible and self-insured amounts under all that other insurance.

        **(4)**    We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Schedule of this endorsement.

    c.    **Method Of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limits of insurance of all insurers.

G.    For the purposes of the coverage provided by this endorsement, the following Extended Reporting Period provisions are added, or, if this endorsement is attached to a claims made Coverage Part, replaces any similar Section in that Coverage Part:

**EXTENDED REPORTING PERIOD**

1.    You will have the right to purchase an Extended Reporting Period, as described below, if:

    a.    This endorsement is canceled or not renewed; or

    b.    We renew or replace this endorsement with insurance that:

        (1)    Has a Retroactive Date later than the date shown in the Schedule of this endorsement; or

        (2)    Does not apply to an act, error or omission on a claims made basis.

2.    The Extended Reporting Period does not extend the policy period or change the scope of coverage provided. It applies only to **claims** for acts, errors or omissions that were first committed before the end of the policy period but not before the Retroactive Date, if any, shown in the Schedule. Once in effect, the Extended Reporting Period may not be canceled.

3.    An Extended Reporting Period of five years is available, but only by an endorsement and for an extra charge.

You must give us a written request for the endorsement within 60 days after the end of the policy period. The Extended Reporting Period will not go into effect unless you pay the additional premium promptly when due.

We will determine the additional premium in accordance with our rules and rates. In doing so, we may take into account the following:

    a.    The **employee benefit programs** insured;

    b.    Previous types and amounts of insurance;

    c.    Limits of insurance available under this endorsement for future payment of damages; and

    d.    Other related factors.

The additional premium will not exceed 100% of the annual premium for this endorsement and is subject to a minimum premium of $2,500.

The Extended Reporting Period endorsement applicable to this coverage shall set forth the terms, not inconsistent with this Section, applicable to the Extended Reporting Period, including a provision to the effect that the insurance afforded for **claims** first received during such period is excess over any other valid and collectible insurance available under policies in force after the Extended Reporting Period starts.

4.    The Extended Reporting Period is subject to the Limits of Insurance as shown under the Schedule of this endorsement. The Extended Reporting Period does not reinstate the Aggregate Limit as shown in the Schedule.

H.   For the purposes of the coverage provided by this endorsement, the following definitions are added to **SECTION VII - DEFINITIONS**:

1.   **Administration** means:

   a.   Providing information to **employees**, including their dependents and beneficiaries, with respect to eligibility for or scope of **employee benefit programs**;

   b.   Handling records in connection with the **employee benefit program**; or

   c.   Effecting, continuing or terminating any **employee's** participation in any benefit included in the **employee benefit program**.

   However, **administration** does not include handling payroll deductions.

2.   **Cafeteria plans** means plans authorized by applicable law to allow employees to elect to pay for certain benefits with pre-tax dollars.

3.   **Claim** means any demand, or **suit**, made by an **employee** or an **employee's** dependents and beneficiaries, for damages as the result of an act, error or omission.

4.   **Employee benefit program** means a program providing some or all of the following benefits to **employees**, whether provided through a **cafeteria plan** or otherwise:

   a.   Group life insurance; group accident or health insurance; dental, vision and hearing plans; and flexible spending accounts; provided that no one other than an **employee** may subscribe to such benefits and such benefits are made generally available to those **employees** who satisfy the plan's eligibility requirements;

   b.   Profit sharing plans, employee savings plans, employee stock ownership plans, pension plans and stock subscription plans, provided that no one other than an **employee** may subscribe to such benefits and such benefits are made generally available to all **employees** who are eligible under the plan for such benefits;

   c.   Unemployment insurance, social security benefits, workers' compensation and disability benefits;

   d.   Vacation plans, including buy and sell programs; leave of absence programs, including military, maternity, family, and civil leave; tuition assistance plans; transportation and health club subsidies; and

   e.   Any other similar benefits designated in the Schedule or added thereto by endorsement.

I.   For the purposes of the coverage provided by this endorsement, Definitions **6.** and **22.** in **SECTION VII - DEFINITIONS** are replaced by the following:

6.   **Employee** means a person actively employed, formerly employed, on leave of absence or disabled, or retired. **Employee** includes a **leased worker**. **Employee** does not include a **temporary worker**.

22.  **Suit** means a civil proceeding in which damages because of an act, error or omission to which this insurance applies are alleged. **Suit** includes:

   a.   An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

   b.   Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

# ENDORSEMENT

This endorsement forms a part of the policy to which it is attached. Please read it carefully.

## DESIGNATED CONSTRUCTION PROJECT(S) GENERAL AGGREGATE LIMIT

### SCHEDULE

**Designated Construction Projects:**
All projects of the named insured.

**A.** For all sums which the insured becomes legally obligated to pay as damages caused by **occurrences** under **SECTION I – COVERAGE A** which can be attributed only to ongoing operations as shown in the schedule above:

    **1.** A separate Designated Construction Project Limit applies to each designated construction project and that limit is equal to the amount of the General Aggregate Limit shown in the Declarations page.

    **2.** Except for damages because of **bodily injury** or **property damage** included in the **products-completed operations hazard**, the Designated Construction Project Limit is the most we will pay for the sum of all damages under **SECTION I –COVERAGE A** regardless of the number of:

        **a.** Insureds;

        **b.** Claims made or **suits** brought; or

        **c.** Persons or organizations making claims or bringing **suits**.

    **3.** Any payments made under **SECTION I –COVERAGE A** for damages shall reduce the Designated Construction Project Limit for that designated construction project. Such payments shall not reduce the General Aggregate Limit shown in the Declarations page nor shall they reduce any other Designated Construction Project Limit, except as affected by the Designated Construction Project Aggregate Limit described below.

    **4.** The limits shown in the Declarations page for Each Occurrence and Damage to Premises Rented to you continue to apply. However, instead of being subject to the General Aggregate Limit shown in the Declarations, such limits will be subject to the applicable Designated Construction Project Limit.

    **5.**   **a.** The Designated Construction Project General Aggregate Limit is the most we will pay for the sum of all damages under the Designated Construction Project Limit, described in **1.** and **2.** above.

        **b.** Regardless of the number of construction projects or designated construction projects covered under this policy, the most we will pay as the Designated Construction Project General Aggregate is $2,000,000 per project.

**B.** For all sums which the insured becomes legally obligated to pay as damages caused by **occurrences** under **SECTION I –COVERAGE A** which cannot be attributed only to ongoing operations  as shown in the schedule above:

    **1.** Any payments made under **SECTION I –COVERAGE A** for damages shall reduce the amount available under the General Aggregate Limit or the Products Completed Operations Aggregate Limit, whichever is applicable; and

    **2.** Such payments shall not reduce any Designated Construction Project General Aggregate Limit.

C.   When coverage for liability arising out of the **products-completed operations hazard** is provided, any payments for damages because of **bodily injury** or **property damage** included in the **products-completed operations hazard** will reduce the Products-Completed Operations Aggregate Limit, and not reduce the General Aggregate Limit nor the Designated Construction Project General Aggregate Limit.

D.   If the applicable designated construction project has been abandoned, delayed, or abandoned and then restarted, or if the authorized contracting parties deviate from plans, blueprints, designs, specifications or timetables, the project will still be deemed to be the same construction project.

E.   The provisions of **SECTION IV – LIMITS OF INSURANCE** not otherwise modified by this endorsement shall continue to apply as stipulated.

## ENDORSEMENT

This endorsement forms a part of the policy to which it is attached. Please read it carefully.

---

### MICROBIAL SUBSTANCE COVERAGE

---

### THIS ENDORSEMENT PROVIDES CLAIMS MADE COVERAGE

In consideration of the premium charged and notwithstanding anything contained in this policy to the contrary, it is hereby agreed and understood that this endorsement shall add to this policy the Coverage Part(s) corresponding with the box (es) marked below.

For the purposes of the coverage provided by this endorsement, **SECTION II – SHARED EXCLUSIONS, 2. Fungi** contained within the policy, shall not apply to **COVERAGE F** and/or **COVERAGE G** of this endorsement.  All other exclusions contained in the policy that apply to **COVERAGE D** shall also apply to **COVERAGE F** and all other exclusions contained in the policy that apply to **COVERAGE E** shall also apply to **COVERAGE G** of this endorsement.

In the event the terms of this endorsement conflict with any terminology of the policy, including the **fungi** exclusion as noted above, the terms and conditions of this endorsement shall supersede with respect to all **suits** or claims arising out of **microbial substance** and **fungi** coverage provided by this endorsement.

### THIS ENDORSEMENT PROVIDES CLAIMS MADE COVERAGE

☒  **COVERAGE F MICROBIAL SUBSTANCE CONTRACTORS POLLUTION LIABILITY**

☐  **COVERAGE G MICROBIAL SUBSTANCE PROFESSIONAL LIABILITY**

| MICROBIAL SUBSTANCE SCHEDULE OF SUB-LIMITS OF LIABILITY AND SELF INSURED RETENTION | | |
|---|---|---|
| **Limits of Liability:** | $1,000,000 | **Microbial Substance Coverage Sub-Limit Each Claim** |
| | $1,000,000 | **Microbial Substance Coverage Aggregate Sub-Limit (included in the General Aggregate)** |
| **Self-Insured Retention:** | $5,000 | **Each Claim** |

### SECTION I – COVERAGES

#### COVERAGE F MICROBIAL SUBSTANCE CONTRACTORS POLLUTION LIABILITY

**Insuring Agreement**

1.  We will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury** or **property damage** in excess of the self insured retention shown above, resulting from **pollution conditions** arising out of **covered operations**.  We will have the right and duty to defend the insured against any **suit** seeking those damages. However, we will have no duty to defend the insured against any **suit** seeking damages to which this insurance does not apply. We may, at our discretion, investigate any **pollution condition** and settle any claim or **suit** that may result. But:

    a.  The amount we will pay for damages is limited as described in the Schedule of this endorsement stated above; and

    b.  Our right and duty to defend ends under Coverage **F** when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A, B, D, E, F** or **G** or medical expenses under Coverage **C**.

    For purposes of this endorsement "Supplementary Payments – Coverages **A, B, D,** and **E**" shall also apply to

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

Coverage **F**, but no other obligation or liability to pay sums or perform acts or services is covered under Coverage **F** unless explicitly provided for under that Supplementary Payments section.

2. This insurance applies to **bodily injury** and **property damage** arising out the **covered operations** scheduled below:

| COVERAGE F SCHEDULE OF MICROBIAL SUBSTANCE COVERED OPERATIONS AND RETROACTIVE DATE | |
|---|---|
| **Covered Operations** | **Retroactive Date(s)** |
| All sprinkler contractor operations. | 12/30/2011 |

but only if:

a. The **bodily injury** or **property damage** is caused by **pollution conditions** that take place in the **coverage territory** arising out of **covered operations**;

b. A claim for damages from **pollution conditions** is first made against you, in accordance with paragraph **3.** below, during the policy period or any Extended Reporting Period, if applicable;

c. The **pollution conditions** were unexpected and unintended from your standpoint; and

d. The **covered operations** resulting in a claim commenced on or after the Retroactive Date stated in **COVERAGE F SCHEDULE OF MICROBIAL SUBSTANCE COVERED OPERATIONS AND RETROACTIVE DATE** above, and before the end of the policy period.

3. Any claims for damages to the same person including damages claimed by any person or organization for care, loss of services or death resulting at any time, will be deemed to have been made at the time the first of those claims is made against any insured.

## COVERAGE G MICROBIAL SUBSTANCE PROFESSIONAL LIABILITY

**Insuring Agreement**

1. We will pay those sums that the insured becomes legally obligated to pay as damages in excess of the self insured retention shown above, that result from **microbial substance professional services**. The damages must result from an actual or alleged act, error of omission in the performance of **microbial substance professional services** rendered by the insured. We will have the right and duty to defend the insured against any **suit** seeking those damages. However, we will have no duty to defend the insured against any **suit** seeking damages to which this insurance does not apply. We may, at our discretion, investigate any actual or alleged act, error or omission and settle any claim or **suit** that may result. But:

a. The amount we will pay for damages is limited as described in the Schedule of this endorsement stated above; and

b. Our right and duty to defend ends under Coverage **G** when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A, B, D, E, F** or **G** or medical expenses under Coverage **C**.

For purposes of this endorsement "Supplementary Payments – Coverages **A, B, D,** and **E**" shall also apply to Coverage **G**, but no other obligation or liability to pay sums or perform acts or services is covered under Coverage **G** unless explicitly provided for under that Supplementary Payments section.

2. This insurance applies to claims that result from the rendering or failure to render **microbial substance professional services** scheduled below:

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

| COVERAGE G SCHEDULE OF MICROBIAL SUBSTANCE PROFESSIONAL SERVICES AND RETROACTIVE DATE | |
|---|---|
| **Microbial Substance Professional Services** | **Retroactive Date(s)** |
| Not Applicable | Not Applicable |

but only if:

**a.**   A claim for damages is first made against you, in accordance with paragraph **3.** below during the policy period or any Extended Reporting Period, if applicable.

**b.**   The actual or alleged act, error, or omission takes place on or after the Retroactive Date stated in **COVERAGE G SCHEDULE OF MICROBIAL SUBSTANCE PROFESSIONAL SERVICES AND RETROACTIVE DATE** above, and before the end of the policy period;

**c.**   The actual or alleged act, error, or omission takes place in the **coverage territory**.

**3.**   Any claims for damages to the same person including damages claimed by any person or organization for care, loss of services or death resulting at any time, will be deemed to have been made at the time the first of those claims is made against any insured.


## SECTION II - DEFINITIONS

For the purposes of the Coverages **F** and **G** only, the following definitions shall apply:

**1.**   **Covered Operations** means the performance of those operations performed by you or on your behalf stated in **COVERAGE F SCHEDULE OF MICROBIAL SUBSTANCE COVERED OPERATIONS AND RETROACTIVE DATE** above.

**2.**   **Fungi** means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or by-products produced or released by **fungi**, but does not include any **fungi** intended by the insured for consumption.

**3.**   **Microbial Substance Professional Services** means the performance of those services performed by you or on your behalf stated in **COVERAGE G SCHEDULE OF MICROBIAL SUBSTANCE PROFESSIONAL SERVICES AND RETROACTIVE DATE** above.

**4.**   **Pollutants** means **microbial substance**.

**5.**   **Pollution condition** means the discharge, dispersal, seepage, migration, presence of (as a result of **covered operations** and/or **microbial substance professional services**), release or escape of **pollutants** as defined in **4.** above.

**6.**   **Bacteria** means any type or form of **bacteria** and any materials or substances that are produced or released by **bacteria**.

**7.**   **Microbial Substance** means any substance that reproduces through release of spores or the splitting of cells including but not limited to **bacteria**, protozoa, **fungi**, chlamydiae, rickkettsiae, whether or not the **microbial substance** is living.

**8.**   **Property Damage** means:

**a.**   Physical injury to tangible property, including resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it;

**b.**   Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

the time of when **covered operations** or **microbial substance professional services** were performed that caused it;

c.   **Cleanup costs**; or

d.   **Natural resource damage**.

9.   **Cleanup Costs** means the reasonable and necessary expenses, including legal expenses incurred with the Company's written consent, which consent shall not be unreasonably withheld or delayed, for the investigation, removal, remediation including associated monitoring, or disposal of **microbial substances**:

a.   To the extent required by the New York City Department of Health and Mental Hygiene Guidelines on Assessment and Remediation of **Fungi** in Indoor Environments, as revised on January 2008 ("NYC Guidelines"), Section 3. Remediation, or the Institute of Inspection, Cleaning and Restoration Certification S520 Standard and Reference Guide for Professional Mold Remediation, Second Edition published in 2008; or

b.   To the extent required by applicable federal, state or local governmental law pursuant under which the insured has or may have a legal obligation.

**Cleanup Costs** shall include **Restoration Costs**.

10.   **Restoration Costs** means the reasonable and necessary expenses incurred by the insured with the Company's written consent, which consent shall not be unreasonably withheld or delayed, to repair, replace or restore real or personal property to substantially the same condition it was in prior to the being damaged when performing **covered operations** or **microbial substance professional services** in the course of incurring **Cleanup Costs**. **Restoration Costs** shall not include any costs associated with improvements or betterments of the damaged property.

## SECTION III – OTHER INSURANCE

For the purposes of the coverage provided by this endorsement, the following provision shall apply:

Coverage provided under this endorsement for **microbial substances** shall apply only to the applicable Coverage Parts specifically indicated by the marked box (es) at the beginning of this endorsement.  Where other insurance may be available for the loss covered under this endorsement, the insured shall promptly, upon request of the Company, provide the Company with copies of all such policies.

## SECTION IV – SELF INSURED RETENTION

For the purposes of the coverage provided by this endorsement, the following Self Insured Retention provisions are added:

1.   Our Limit of Insurance as stated in the endorsement schedule shall apply only in excess of the self insured retention layer stated in the Schedule of this endorsement above. The self insured retention shall apply once to each claim for coverage under this endorsement.

2.   For each claim made against any insured, the Named Insured shall be responsible for payment of the self insured retention amount toward any damages, claim expenses, or Supplementary Payments. The Company shall not be responsible for payment of any damages, claim expenses, or Supplementary Payments unless and until the full amount of the self insured retention has been paid by the Named Insured.

3.   For purposes of this endorsement, claim expenses shall include, but not be limited to, those incurred for legal services, investigations, court costs, adjustment services, experts, and other such expenses.

4.   This endorsement does not in any way relieve the insured of the responsibility to report any incident that might give rise to a claim as stated elsewhere in this policy.

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

5. The Company retains sole discretion in choosing and appointing counsel to represent the insured in the defense of any claim.

6. The insured shall accept any offer of settlement within the self insured retention deemed reasonable by the Company. The Company shall have no responsibility for any damages, claim expenses, or Supplementary Payments above what the Company would have paid had the claim been settled for any reasonable offer within the self insured retention.

7. The Company has the right, but not the obligation, to pay damages, claim expenses, or Supplementary Payments within the amount of the self insured retention if the Company, in its discretion, deems it advisable to do so. If the Company exercises this right, the insured must promptly, but in no event later than thirty (30) days, reimburse the Company for any payments made by the Company within the amount of the applicable self insured retention. Should the insured fail to reimburse the Company, the insured shall additionally become liable for any and all costs of collection of the self insured retention, including attorneys' fees, and interest at the prevailing local rate from the date reimbursement is requested.

8. Failure of the insured to pay such self insured retention amount within thirty (30) days after receipt of a written request for such payment will be a material breach of the entire contract, entitling the Company to terminate the contractual obligation between the parties. In the event of a bankruptcy filing, the contract is deemed executory under 11 U.S.C. Sec. 365, and the payments of the self insured retention shall be made on a monthly basis and treated as an administrative expense under 11 U.S.C. Sec. 507(a)(1).

## SECTION V - EXTENDED REPORTING PERIOD – COVERAGES F AND G

For the purposes of the coverage provided by this endorsement, the following Extended Reporting Period provisions are added, or, if this endorsement is attached to a claims made Coverage Part, it replaces any similar Section in that Coverage Part:

1. We will provide one or more Extended Reporting Periods, as described below, if:

   a. This policy is canceled or not renewed; or

   b. We renew or replace the coverage provided under Coverages **F** or **G** of this policy with insurance that:

      (1) Has a Retroactive Date for Coverages **F** or **G** later than the date shown in the Declarations; or

      (2) For which Coverages **F** or **G** do not apply on a claims made basis.

2. Extended Reporting Periods do not extend the policy period, change the scope of coverage provided or reinstate or increase the Limits of Insurance. They apply only to claims resulting from **pollution conditions** that arise from **covered operations** and/or actual or alleged acts, errors or omissions in the performance of **microbial substance professional services** made before the end of the policy period but not before the Retroactive Date, if any, shown in the Declarations. Once in effect, Extended Reporting Periods may not be canceled.

3. A Basic Extended Reporting Period is automatically provided without additional charge. This period starts with the end of the policy period and lasts for forty five (45) days with respect to claims first made against you and reported to us in writing. The Basic Extended Reporting Period does not apply to claims that are covered under any subsequent insurance you purchase, or that would be covered but for exhaustion of the amount of insurance applicable to such claims.

4. A Supplemental Extended Reporting Period of up to thirty-six (36) months is available with respect to claims first made against you and reported to us in writing but only by an endorsement and for an extra charge. This supplemental period starts when the Basic Extended Reporting Period, set forth in Paragraph **3.** above, ends.

   You must give us a written request for the endorsement within 45 days after the end of the policy period. The Supplemental Extended Reporting Period will not go into effect unless you pay the additional premium promptly when due.

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

We will determine the additional premium in accordance with our rules and rates. In doing so, we may take into account the following:

**a.**   The exposures insured;

**b.**   Previous types and amounts of insurance;

**c.**   Limits of Insurance available under this policy for future payment of damages; and

**d.**   Other related factors.

The additional premium will not exceed 100% of the annual premium for this policy.

The Extended Reporting Period endorsement shall set forth the terms, not inconsistent with this section, applicable to the Supplemental Extended Reporting Period, including a provision to the effect that the insurance afforded for claims first received during such period is excess over any other valid and collectible insurance available under policies in force after the Supplemental Extended Reporting Period starts.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

# ENDORSEMENT

This endorsement forms a part of the policy to which it is attached. Please read it carefully.

## EXCLUSION – DESIGNATED OPERATIONS COVERED BY A CONSOLIDATED (WRAP-UP) INSURANCE PROGRAM

### SCHEDULE

**Description and Location of Operation(s):**

Any location or project subject to a consolidated (wrap-up) insurance program.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to **bodily injury**, **property damage**, **cleanup costs** or an actual or alleged act, error or omission arising out of either your ongoing operations or operations included within the **products-completed operations hazard** at the location described in the schedule of this endorsement above, when a consolidated (wrap-up) insurance program has been provided by the prime contractor/project manager or owner of the construction project in which you are involved.

This exclusion applies whether or not the consolidated (wrap-up) insurance program:

    **(1)**    Provides coverage identical to that provided by this policy.

    **(2)**    Has limits adequate to cover all claims; or

    **(3)**    Remains in effect.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

## ENDORSEMENT

This endorsement forms a part of the policy to which it is attached. Please read it carefully.

| |
|---|
| **ABSOLUTE UNSOLICITED COMMUNICATIONS EXCLUSION** |

This endorsement modifies insurance provided under the following:

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY**

This insurance does not apply to any injury or damage, costs or expenses arising out of, resulting from, caused or contributed to liability or **bodily injury** or **property damage** or **personal and advertising injury** allegedly or actually arising out of, related to, caused by, contributed to by or in any way connected with **unsolicited communications** made by or on behalf of any insured.

**Unsolicited communications** means any form of communication, distribution, or the transmittal or publication of information or material, including, but not limited to facsimile, electronic mail, postal mail, express mail, telephone, internet or web-based advertisement, instant message, SMS message or text message that the recipient has not specifically requested.

**Unsolicited communications** includes, but is not limited to actual or alleged violations of:

1. The Telephone Consumer Protection Act (47 U.S.C. §227), including any amendment of, or addition to, such statute;

2. The Controlling the Assault of Non-Solicited Pornography and Marketing Act (15 U.S.C. §7701, *et seq.*, including any amendment of, or addition to, such statute; or

3. Any other statute, ordinance or regulation relating to the communication, distribution or transmittal of unwanted content, information or material.

This exclusion also applies to any liability or **bodily injury** or **property damage** or **personal and advertising injury** for which the insured is obligated, or is alleged to be obligated, to pay damages or defend any claim or **suit** by reason of the assumption of liability in an **insured contract**.

This insurance does not apply to any other liability or **bodily injury** or **property damage** or **personal and advertising injury** in any claim or **suit** in which allegations of **unsolicited communications** are also made.

We shall have no duty to defend any insured against any claim or **suit** alleging damages arising out of or related to liability or **bodily injury** or **property damage** or **personal and advertising injury** to which this exclusion applies.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

## ENDORSEMENT

This endorsement forms a part of the policy to which it is attached. Please read it carefully.

| EXCLUSION – FINANCIAL SERVICES |
| :---: |

This endorsement modifies insurance provided under the following:

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY**

This insurance does not apply to **bodily injury** or **property damage** or **personal and advertising injury** resulting from the rendering of or the failure to render financial services by any insured to others. For the purpose of this exclusion, financial services include but are not limited to:

1. Planning, administering or advising on:

    a. Any:

        (1) Investment;

        (2) Pension;

        (3) Annuity;

        (4) Savings;

        (5) Checking; or

        (6) Individual retirement

        plan, fund or account;

    b. The issuance or withdrawal of any bond, debenture, stock or other securities;

    c. The trading of securities, commodities or currencies; or

    d. Any acquisitions or mergers;

2. Acting as a dividend disbursing agent, exchange agent, redemption or subscription agent, warrant or scrip agent, fiscal or paying agent, tax withholding agent, escrow agent, clearing agent, or electronic funds transfer agent;

3. Lending, or arranging for the lending of, money, including credit card, debit card, leasing or mortgage operations or activities or interbank transfers;

4. Repossessing of real or personal property from a borrower or acting as an assignee for the benefit of creditors;

5. Checking or reporting of credit;

6. Maintaining of financial accounts or records;

7. Tax planning, tax advising or the preparation of tax returns; or

8. Selling or issuing travelers checks, letters of credit, certified checks, bank checks or money orders.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

ECP 1056 09 07

# ENDORSEMENT

This endorsement forms a part of the policy to which it is attached. Please read it carefully.

## EARNED PREMIUM AND COMPOSITE RATE

In consideration of the Company's acceptance of this insurance, the Named Insured hereby agrees that the minimum earned premium(s) due for this policy shall be calculated in accordance with the following:

1. The minimum earned premium due if this policy remains in effect for 90 days or less shall be twenty-five percent (25%) of the amount entered as POLICY PREMIUM on the Declarations page of this policy.

2. In the event of cancellation of this policy by the Named Insured after this policy has been in effect for more than 90 days, the return premium due, if any, shall be computed at a rate equal to ninety percent (90%) of the pro-rata unearned policy premium, subject, however, to final premium adjustment in accordance with our rules, rates and the Premium Audit provisions of this policy.

3. In the event of cancellation of this policy by the Company for reasons other than nonpayment of premium, the earned premium for this policy shall be computed on a pro-rata basis, subject, however, to final premium adjustment in accordance with our rules, rates and the Premium Audit provisions of this policy.

4. The premium entered on the Declarations page of this policy as POLICY PREMIUM is a provisional premium only and is subject to adjustment in accordance with our rules, rates and the Premium Audit provisions of this policy. Premium adjustments effected as a result of premium audits will be done after the policy is no longer in effect but may be done by the Company while the policy is in effect. Premium Audit Adjustment calculations will be made to determine additional premiums and return premiums. The Named Insured agrees that any downward adjustment of the POLICY PREMIUM resulting from the Premium Audit provisions of this policy is subject to a Minimum Premium of $99,186.

5. Premiums applicable to any subsequent endorsements will be in addition to the minimum premium shown in the policy.

6. The amount entered as POLICY PREMIUM on the Declarations page of this policy has been computed on a composite rate basis as follows:

| Exposure Basis | Estimated Exposure x | Composite Rate = | Policy Premium |
|---|---|---|---|
| Per $1,000 Receipts | $8,700,000 | 14.2510 | $ 123,982 |
| Terrorism has been rejected by the Insured. | | | - |
| | | **TOTAL POLICY PREMIUM:** | $ 123,982 |

7. In the event that your policy includes an endorsement excluding Designated Operations Covered by a Consolidated (Wrap-Up) insurance Program, the revenues from the Designated Operations Covered by a Consolidated (Wrap-Up) Insurance Program are excluded from the Premium Audit provisions of this policy.

If the Exposure Basis is Payroll, then the Composite Rate shall be applied per thousand dollars of Payroll. If the Exposure Basis is Gross Receipts, then the Composite Rate shall be applied per thousand dollars of Gross Receipts.

# ENDORSEMENT

This endorsement forms a part of the policy to which it is attached. Please read it carefully.

## EXTERIOR INSULATION AND FINISH SYSTEMS (EIFS) EXCLUSION

This insurance does not apply to **bodily injury**, **property damage** or **personal and advertising injury** arising out of **your work** or **your product** that which includes:

1. The design, manufacture, construction, fabrication, preparation, distribution and sale, installation, application, maintenance or repair, including remodeling, service, correction or replacement, of any exterior insulation and finish system (EIFS) or any part thereof, or any substantially similar system or any part thereof, including the application or use of conditioners, primers, accessories, flashings, coatings, caulking or sealants in connection with such a system. Any spray on exterior PVC resin, or similar coating, that is utilized as the final exterior finish surface coating (commonly referred to as spray in siding).

2. Any design, manufacture, construction, fabrication, preparation, installation, application, maintenance, use, sale, service, repair, including remolding, correction, replacement or service of any exterior component, fixture or feature of any structure if any exterior insulation and finish system (EIFS) or substantially similar system, or any spray on exterior PVC resin, or similar coating, is used on any part of that structure.

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

# ENDORSEMENT

This endorsement forms a part of the policy to which it is attached. Please read it carefully.

## WAIVER OF SUBROGATION – SCHEDULED ENTITIES

It is agreed that the Company, in the event of any payment under this policy, waives its right of recovery against the person(s) or organization(s) shown in the schedule below, but only at the specific written request of the Named Insured either before or after loss, wherein such waiver of subrogation has been included before loss as part of a written contractual undertaking by the Named Insured.

This waiver of subrogation shall apply only with respect to losses occurring due to operations undertaken as per the specific contract existing between the Named Insured and such person(s) or organization(s) shown in the schedule below and shall not be construed to be a waiver of subrogation with respect to other operations of such person(s) or organization(s) shown in the schedule below in which the Named Insured has no contractual interest.

No waiver of subrogation shall directly or indirectly apply to any employee, employees or agents of either the Named Insured or of the person(s) or organization(s) shown in the schedule below, and the Company reserves its right or lien to be reimbursed from any recovery funds obtained by any injured employee.

This waiver of subrogation does not apply in any jurisdiction or situation where such waiver is held to be illegal or against public policy or in any situation wherein the person(s) or organization(s) shown in the schedule below against whom subrogation is to be waived is found to be solely negligent.

### SCHEDULE

| Name of Person(s) or Organization(s): |
| --- |
| Any person or organization that you are required by written contract or agreement to provide a waiver of subrogation. |

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

# ENDORSEMENT

This endorsement forms a part of the policy to which it is attached. Please read it carefully.

## NOTICE OF CANCELLATION TO DESIGNATED ENTITIES

### SCHEDULE

<u>**Name of Person(s) or Organization(s)**</u>

Per written request(s) of the named insured on file with the company

In consideration of an additional premium of $150.00 and notwithstanding anything contained in the policy to the contrary, it is hereby agreed and understood if the Company cancels this policy on or before the expiration date of the policy, the Company will mail or deliver to the person(s) or organization(s) shown in the schedule above, written notice of cancellation to the address included above not less than 30 days prior to the effective date of cancellation. Proof of mailing of notice shall be sufficient proof of notice. The effective date and hour of cancellation stated in the notice shall be the end of the policy period.

This endorsement shall not apply for the following reasons:

    **a.**    non-payment of premium, or

    **b.**    the policy is non-renewed for any reason.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

# ENDORSEMENT

This endorsement forms a part of the policy to which it is attached. Please read it carefully.

| EXCLUSION OF CERTIFIED ACTS OF TERRORISM |
|---|

This endorsement modifies insurance provided under the following:

**ENVIRONMENTAL COMBINED POLICY
COMMERCIAL GENERAL LIABILITY COVERAGE PART
CONTRACTORS POLLUTION LIABILITY
CONTRACTORS AND CONSULTANTS POLICY
SITE SPECIFIC POLLUTION LIABILITY
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
FOLLOW FORM EXCESS LIABILITY**

**A.** The following exclusion is added:

This insurance does not apply to:

**TERRORISM**

Any injury or damage arising, directly or indirectly, out of a **certified act of terrorism**.

**B.** The following definitions are added:

  **1.** For the purposes of this endorsement, any injury or damage means any injury or damage covered under any Coverage Part to which this endorsement is applicable, and includes but is not limited to **bodily injury**, **property damage**, **personal and advertising injury**, injury or **cleanup costs** as may be defined in any applicable Coverage Part.

  **2.** **Certified act of terrorism** means an act that is certified by the Secretary of the Treasury, in accordance with the provisions of the federal Terrorism Risk Insurance Act, to be an act of terrorism pursuant to such Act. The criteria contained in the Terrorism Risk Insurance Act for a **certified act of terrorism** include the following:

    **a.** The act resulted in insured losses in excess of $5 million in the aggregate, attributable to all types of insurance subject to the Terrorism Risk Insurance Act; and

    **b.** The act is a violent act or an act that is dangerous to human life, property or infrastructure and is committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

**C.** The terms and limitations of any terrorism exclusion, or the inapplicability or omission of a terrorism exclusion, do not serve to create coverage for injury or damage that is otherwise excluded under this Coverage Part.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY APPLY AND REMAIN UNCHANGED.**

# Nautilus Insurance Company®

## An Arizona Corporation  a W. R. Berkley Company

# COMMERCIAL LINES POLICY

**THIS POLICY IS NOT OBTAINED PRIMARILY FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES.**

THIS POLICY CONSISTS OF:

- Declarations;
- Common Policy Conditions; and
- One or more Coverage Parts.  A Coverage Part consists of:
  - One or more Coverage Forms; and
  - Applicable Forms and Endorsements.

In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representative.

_____
Secretary

_____
President and CEO

Administrative Office:
7233 E. Butherus Drive          Scottsdale, AZ 85260        Telephone (480) 951-0905      Facsimile (480) 951-9730
Service Office:
101 Hudson Street,              Jersey City, NJ 07302       Telephone (201) 748-3100      Facsimile (201) 748-3040
Suite 2550

E001J (06/16)



EXHIBIT

G



**BERKLEY**
**ENVIRONMENTAL**
a division of Berkley Specialty Underwriting Managers

# *Claim Services*

*By knowing your industry and speaking your language, our claim professionals can focus on meeting your unique business needs and offer you the superior claim service you deserve through responsible claim management and aggressive mitigation.*

*We are confident our dedicated teams of claim professionals will add value to your organization and help you succeed in accomplishing your risk management objectives.*

## Reporting a Claim

It is vitally important that you contact us as soon as possible when an accident happens. When an accident takes place, you can call, fax or email us.

Under all circumstances, you must follow the claim reporting requirements of your policy including, but not limited to, providing us written notice of the claim.

| Automobile Claims | General Liability And Professional Liability Claims | Workers Compensation Claims |
|---|---|---|
| **Phone:** (800) 832-0137 Ext. 3293687 | **Phone:** (201) 748-3111 | **Phone:** (800) 449-2024 |
| **Fax:** (866) 343-5724 | **Fax:** (866) 343-5724 | **Fax:** (866) 303-1404 |
| **Email:** braciageneral @berkleyrisk.com | **Email:** Environmental.liability.claims @berkleysum.com | **Email:** Environmental.wc.claims @berkleysum.com |
| **Mailing Address:** 300 W Broadway Suite 1600 Council Bluffs, IA 51503 | **Mailing Address:** 101 Hudson Street 25th Floor, Suite 2550 Jersey City, NJ 07302 | **Mailing Address:** PO Box 141299 Irving, TX 75014-1233 |
| **In Case of Emergencies, Weekends or Holidays Phone:** (800) 832-0137 *Follow after hours prompt* | | **Street Address:** 600 E. Las Colinas Blvd, Suite 1400 Irving, TX 75039 |

## Berkley Environmental Support Team (BEST)

We understand environmental spills and releases can be extremely stressful events.

That's why we're proud to offer you a free fully staffed 24 hour – 7 day a week emergency response call center staffed with experienced professionals with a national network of emergency response providers able to file agency spill notifications.

**Call (877) 900-5645 to report your environmental spill or release.**

| Environmental Claims |
|---|
| **Phone:** (201) 748-3111 **Fax:** (866) 343-5724 |
| **Email:** Environmental.liability.claims@berkleysum.com |
| **Mailing Address:** 101 Hudson Street 25th Floor, Suite 2550 Jersey City, NJ 07302 |
| **In Case of Emergencies, Weekends or Holidays Phone:** (877) 900-5645 |

BERKLEY SPECIALTY UNDERWRITING MANAGERS
PROVIDING INNOVATIVE SOLUTIONS
www.berkleysum.com

THE MATERIAL IN THIS PUBLICATION IS PROVIDED FOR INFORMATIONAL PURPOSES ONLY AND IS NOT INTENDED TO BE A REPRESENTATION OF COVERAGE THAT MAY EXIST IN ANY PARTICULAR SITUATION UNDER A POLICY ISSUED BY A MEMBER COMPANY OF BERKLEY SPECIALTY UNDERWRITING MANAGERS OR ITS AFFILIATES. ALL CONDITIONS OF COVERAGE, TERMS AND LIMITATIONS ARE DEFINED AND PROVIDED FOR IN THE POLICY. PROGRAMS OR PRODUCTS MAY NOT BE AVAILABLE IN ALL STATES AND POLICY FEATURES MAY VARY BY STATE.

# NAUTILUS INSURANCE COMPANY
## Scottsdale, Arizona
## EXCESS LIABILITY POLICY DECLARATIONS

**POLICY NUMBER:** FFX2004370-15     **RENEWAL OF:** FFX2004370-14

| **INSURED'S NAME AND ADDRESS:** | **PRODUCER'S NAME AND ADDRESS:** |
|---|---|
| Dynamic Fire Protection, LLC<br>9771 MS Highway 25<br>Starkville, MS  39759 | AmWINS Program Underwriters, Inc.<br>214 Senate Avenue<br>Suite 201<br>Camp Hill, PA  17011 |

**POLICY PERIOD:** December 30, 2016 to December 30, 2017 at 12:01 a.m. Standard Time at your mailing address shown above.

IN RETURN FOR THE PAYMENT OF PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

**FORM OF BUSINESS:**

Limited Liability Company (LLC)

**LIMITS OF INSURANCE:**

| | |
|---|---|
| EACH OCCURRENCE | $ 6,000,000 |
| POLICY AGGREGATE | $ 6,000,000 |

**SCHEDULE OF UNDERLYING INSURANCE:**

SEE SCHEDULE OF UNDERLYING INSURANCE

**PREMIUM**

| | |
|---|---|
| EXCESS LIABILITY COVERAGE: | $ 63,796 |
| TERRORISM RISK INSURANCE ACT: | Rejected |
| **POLICY PREMIUM:** | $ 63,796 |

**FORMS AND ENDORSEMENTS (Other than applicable forms and endorsements shown elsewhere in the policy):**

Forms and Endorsements applying to this policy and made part of this policy at time of issue:
SEE SCHEDULE OF FORMS AND ENDORSEMENTS

**NOTICE TO THE INSURED:**

**Note: This insurance policy is issued pursuant to Mississippi law covering surplus lines insurance. The company issuing the policy is not licensed by the State of Mississippi, but is authorized to do business in Mississippi as a nonadmitted company. The policy is not protected by the Mississippi Insurance Guaranty Association in the event of the insurer's insolvency.**

**NAME AND ADDRESS OF ADMINISTRATIVE OFFICE:**

Berkley Specialty Underwriting Managers (a W.R. Berkley Company)
Two Ravinia Drive, Suite 1100, Atlanta, GA 30346
Phone No.: (404) 443-2040, See CLAIMS NOTICE for claims contact information.

**THIS COMMON POLICY DECLARATION AND THE SUPPLEMENTAL DECLARATION(S) TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.**

Countersigned : _____     By: _____

Issue Date: 01/03/2017                                                            Authorized Representative

## SCHEDULE OF FORMS AND ENDORSEMENTS

**Policy Number:**    FFX2004370-15

**Named Insured:**    Dynamic Fire Protection, LLC

**FORMS ATTACHED TO AND MADE A PART OF THIS POLICY:**

| FORM NUMBER | FORM TITLE |
|---|---|
| E001J (06/16) | Nautilus Policy Jacket |
| ENV PA CLAIMS 06 16 | Policyholder Notice - Claim Reporting Information |
| FFX DEC 09 13 | Excess Liability Policy Declarations |
| ENV FORMS 09 10 | Schedule of Forms and Endorsements |
| FFX 8000 10 06 | Excess Liability Insurance Policy |
| IL 12 02 01 16 | Office of Foreign Asset Control (OFAC) Exclusion Endorsement |
| S020 (04-05) | Service of Suit |
| ENV 2007 10 06 | Cross Suits Exclusion |
| ENV 2012 01 12 | Earned Premium and Flat Rate |
| ENV 2225 01 15 | Exclusion of Certified Acts of Terrorism |
| FFX 8002 08 12 | Schedule of Underlying Insurance |
| FFX 8043 01 07 | Exclusion - Uninsured & Underinsured Motorists |

---

## EXCESS LIABILITY INSURANCE POLICY

---

Various provisions in this policy restrict coverage. Read the entire policy and any **Underlying Insurance** carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us", and "our" refer to the Company providing this insurance.

The word "Insured" refers to any person or organization which qualifies as such in the **Underlying Insurance**.

Other words and phrases that appear in bold have special meaning. Refer to **III. DEFINITIONS**.

**I.    INSURING AGREEMENT**

Subject to the applicable limits of insurance, we will pay those sums that the Insured becomes legally obligated to pay as **damages** in excess of the self insured retention and all **Underlying Insurance**, but only after all **Underlying Insurance** has been exhausted by payment of the limits of such insurance. This insurance is subject to the same terms, conditions, agreements, exclusions and definitions as the **Underlying Insurance** except with respect to any provisions to the contrary contained in this insurance. No other obligation or liability to pay sums or perform acts or services is covered. In no event shall this policy grant broader coverage than would be provided by any **Underlying Insurance**.

Notwithstanding the foregoing, if any **Underlying Insurance** shown in the Schedule of Underlying Insurance (Schedule) attached hereto has a limit of liability:

**1.**    Greater than the amount shown in such Schedule of Underlying Insurance, then this policy will apply in excess of the greater amount; or

**2.**    Less than the amount shown in such Schedule of Underlying Insurance, then this policy will apply in excess of the amount shown in such Schedule of Underlying Insurance.

**II.    LIMITS OF INSURANCE**

**1.**    The amounts stated in the Declarations are the limits of insurance under this policy and are the maximum amount payable by us under this policy for all **damages**, including **defense expenses**.  Defense expenses are part of, and not in addition to, the limits of insurance, and the payment of **defense expenses** reduces the limits of insurance.

**2.**    Notwithstanding anything to the contrary, if any **Underlying Insurance** excludes or otherwise does not cover **damages** (for reasons other than the exhaustion of the **Underlying Limits**), then this policy will not provide coverage for such **damages**. If any **Underlying Insurance** contains a stated sub-limit of liability in respect to any coverage which is less than the limit of liability for that coverage set forth in the Schedule of Underlying Insurance, this policy shall not apply to any **damages** encompassed thereby, except as otherwise provided by written endorsement to this policy.

**III.    DEFINITIONS**

**1.**    **Damages** means money damages.

**2.**    **Defense expenses** means reasonable and necessary legal fees and expenses incurred in defense of claims. **Defense expenses** do not include salaries, wages or other overhead expenses of the Insured.

**3.**    **Loss** means the total sum which the Insured shall become obligated to pay on account of liability which is covered under the **Underlying Insurance**.

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

4.   **Underlying Insurance** means the liability insurance provided under the policy or policies shown in the Schedule of Underlying Insurance.

5.   **Underlying Limits** means the limits of liability as set forth in the Schedule of Underlying Insurance, plus self-insured retentions or deductibles applicable to the **Underlying Insurance**.

## IV.   UNDERLYING INSURANCE

1.   This policy is subject to the same representations and warranties as are contained in the application for any **Underlying Insurance**, and the same terms, definitions, conditions, exclusions and limitations as are contained in the **Underlying Insurance** (except as regards the premium, the limits of liability, the policy period, and except as otherwise provided herein).

2.   The policy or policies referred to in the Schedule of Underlying Insurance or renewals or replacements thereof not more restrictive, shall be maintained as insurance in full force and effect during the term of this policy without alteration in their terms or conditions, except for any reduction of the limits of liability contained therein solely by payment there under. Failure to comply with the foregoing shall not invalidate this policy but, in the event of such failure, we will only be liable to the same extent as we would have been had you so maintained such policy or policies.

3.   If during the policy period, the terms, conditions, exclusions or limitations of **Underlying Insurance** are changed in any manner, the Insured shall as a condition precedent to its rights under this policy give to us as soon  as practicable written notice of the full particulars thereof. This policy shall become subject to any such changes upon the effective date of the changes in the **Underlying Insurance** but only upon the condition that we agree to follow such changes by written endorsement attached hereto and the Insured pays when due any additional premium required by us relating to such changes and/or agrees to any amendment of the provisions of this policy required by us relating to such changes.

4.   The Insured shall provide us as soon as practicable with written notice and the full particulars of (i) the exhaustion of the aggregate limit of liability of any **Underlying Insurance**, (ii) any **Underlying Insurance** not being maintained in full effect during the policy period, or (iii) any insurer issuing any **Underlying Insurance** becoming subject to receivership, liquidation, dissolution, rehabilitation or similar proceeding or being taken over by any regulatory authority.

5.   The Insured warrants that the **Underlying Limits**, where applicable, as shown in the Schedule of Underlying Insurance shall be unimpaired as of the effective date of this policy. In the event of non-concurrent policy periods between this policy and the **Underlying Insurance**, only covered events taking place during the policy period of this policy shall be considered in determining the extent of any erosion or exhaustion of the underlying aggregate limits.

6.   The Insured, not the Insurer, will bear the risk that any **Underlying Insurance** is or may be uncollectible. This policy will not drop down for any reason, including, but not limited to, the uncollectibility (in whole or in part) of the **Underlying Insurance**, even if such uncollectibility is due to the financial impairment or insolvency of the issuer of any **Underlying Insurance**. Coverage under this policy will not be available unless and until all **Underlying Insurance** has been exhausted by the actual payment of **loss**.

## V.   NOTIFICATION, SETTLEMENT AND DEFENSE

1.   As a condition precedent to the obligations of us under this policy, you must see to it that we are notified as soon as practicable of any incident that may result in a claim under this policy. You shall also provide other claim information or reports as reasonably requested by us from time to time.

2.   The Insured shall not do or omit to do anything to prejudice our rights under the policy. If we recommend a settlement of a claim:

   a.   For an amount within any remaining amount of the **Underlying Limits** and the Insured refuses such settlement, we shall not be liable for any **loss** in excess of the recommended settlement or

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

    **b.**    For a total amount in excess of the **Underlying Limits** and the Insured refuses such settlement, our liability for **loss** shall be limited to that portion of the recommended settlement and the costs, charges and expenses as of the Insured's refusal which exceed the **Underlying Limit**.

**3.**    We will not be required to assume charge of the investigation of any claim or defense of any suit against you. We will have the right, but not the duty, to be associated with you or your underlying insurer or both in the investigation of any claim or defense of any suit which in our opinion may create liability on us for **loss** under this policy. If we exercise such right, we will do so at our own expense. If the limits of liability of the **Underlying Insurance** shown in the Schedule of Underlying Insurance are exhausted solely by payment of **loss**, we shall have the right but not the duty to investigate and settle any claim or assume the defense of any suit which, in our opinion, may give rise to a **loss** under this policy. We may, however, withdraw from the defense of such suit and tender the continued defense to you if our applicable limits of insurance shown on the Declarations are exhausted by payment of **loss**.

## VI.   CONDITIONS

**1.**    No change in, modification of, or assignment of interest under this policy shall be effective except when made by written endorsement to this policy which is signed by an authorized representative of us.

**2.**    All salvages, recoveries or payments recovered or received subsequent to a **loss** settlement under this insurance shall be applied as if recovered or received prior to such settlement and all necessary adjustments shall then be made between the Insured and us, provided always that the foregoing shall not affect the time when the **loss** under this policy shall be payable.

**3.**    All notices under this policy shall be given as provided for in the **Underlying Insurance**. In addition, all notices to us under this policy shall be sent to the address below or any substitute address as provided by us:

Berkley Specialty Underwriting Managers LLC
Attention:  Claims Department
Three Ravinia Drive Suite 500
Atlanta GA  30346

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

INTERLINE
IL 12 02 01 16

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY**

# OFFICE OF FOREIGN ASSET CONTROL (OFAC) EXCLUSION ENDORSEMENT

No insurer shall be deemed to provide cover and no insurer shall be liable to pay any claim or provide any benefit hereunder to the extent that the provision of such cover, payment of such claim or provision of such benefit would expose that insurer to any sanction, prohibition or restriction under United Nations resolutions or the trade or economic sanctions laws or regulations of the European Union, United Kingdom or the United States.

# ENDORSEMENT

This endorsement forms a part of the policy to which it is attached. Please read it carefully.

| SERVICE OF SUIT |
|---|

Pursuant to any statute of any state, territory or district of the United States which makes provision therefore, we hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the Statute, or his successor or successors in office, as our true and lawful attorney upon whom may be served any lawful process in any action, "suit" or proceeding instituted by or on behalf of you or any beneficiary hereunder arising out of this contract of insurance, and hereby designate the above named as the person to whom the said officer is authorized to mail such process or a true copy thereof.

It is further agreed that service of process in such "suit" may be made upon Michael Kilgas, or his nominee of the Company at 7233 East Butherus Drive, Scottsdale, Arizona 85260 and that in any "suit" instituted against any one of them upon this policy, we will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

It is agreed that in any state requiring a standard form of policy, insurance hereunder on values or properties in such state shall attach and cover in accordance with the terms and conditions of such standard form.

## ENDORSEMENT

This endorsement forms a part of the policy to which it is attached. Please read it carefully.

| CROSS SUITS EXCLUSION |
| :---: |

In consideration of the premium charged, it is agreed that the coverage afforded by this policy does not apply to any claim(s) for damages arising out of **bodily injury**, **personal and advertising injury** or **property damage**, initiated, alleged, or caused, to be brought about by a Named Insured or Additional Named Insured covered by this policy against any other Named Insured or Additional Named Insured covered by this policy.

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.

# ENDORSEMENT

This endorsement forms a part of the policy to which it is attached. Please read it carefully.

## EARNED PREMIUM AND FLAT RATE

In consideration of the Company's acceptance of this insurance, the Named Insured hereby agrees that the minimum earned premium(s) due for this policy shall be calculated in accordance with the following:

1.  The minimum earned premium due if this policy remains in effect for 90 days or less shall be twenty-five percent (25%) of the amount entered as POLICY PREMIUM on the Declarations page of this policy.

2.  In the event of cancellation of this policy by the Named Insured after this policy has been in effect for more than 90 days, the return premium due, if any, shall be computed at a rate equal to ninety percent (90%) of the pro-rata unearned policy premium, subject, however, to final premium adjustment in accordance with our rules and rates. This policy is not subject to audit.

3.  In the event of cancellation of this policy by the Company for reasons other than nonpayment of premium, the earned premium for this policy shall be computed on a pro-rata basis, subject, however, to final premium adjustment in accordance with our rules and rates. This policy is not subject to audit.

4.  Premiums applicable to any subsequent endorsements will be in addition to the minimum premium shown in the policy.

5.  The amount entered as POLICY PREMIUM on the Declarations page of this policy has been computed on a composite rate basis as follows:

| Exposure Basis | Estimated Exposure x | Composite Rate = | Policy Premium |
|---|---|---|---|
| Gross Receipts | $8,700,000 | Flat | $ 63,796 |
| Terrorism has been rejected by the Insured. | | | - |
| | | **TOTAL POLICY PREMIUM:** | $ 63,796 |

# ENDORSEMENT

This endorsement forms a part of the policy to which it is attached. Please read it carefully.

## EXCLUSION OF CERTIFIED ACTS OF TERRORISM

This endorsement modifies insurance provided under the following:

**ENVIRONMENTAL COMBINED POLICY**
**COMMERCIAL GENERAL LIABILITY COVERAGE PART**
**CONTRACTORS POLLUTION LIABILITY**
**CONTRACTORS AND CONSULTANTS POLICY**
**SITE SPECIFIC POLLUTION LIABILITY**
**PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART**
**OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART**
**RAILROAD PROTECTIVE LIABILITY COVERAGE PART**
**FOLLOW FORM EXCESS LIABILITY**

A.  The following exclusion is added:

This insurance does not apply to:

**TERRORISM**

Any injury or damage arising, directly or indirectly, out of a **certified act of terrorism**.

B.  The following definitions are added:

1.  For the purposes of this endorsement, any injury or damage means any injury or damage covered under any Coverage Part to which this endorsement is applicable, and includes but is not limited to **bodily injury**, **property damage**, **personal and advertising injury**, injury or **cleanup costs** as may be defined in any applicable Coverage Part.

2.  **Certified act of terrorism** means an act that is certified by the Secretary of the Treasury, in accordance with the provisions of the federal Terrorism Risk Insurance Act, to be an act of terrorism pursuant to such Act. The criteria contained in the Terrorism Risk Insurance Act for a **certified act of terrorism** include the following:

   a.  The act resulted in insured losses in excess of $5 million in the aggregate, attributable to all types of insurance subject to the Terrorism Risk Insurance Act; and

   b.  The act is a violent act or an act that is dangerous to human life, property or infrastructure and is committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

C.  The terms and limitations of any terrorism exclusion, or the inapplicability or omission of a terrorism exclusion, do not serve to create coverage for injury or damage that is otherwise excluded under this Coverage Part.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY APPLY AND REMAIN UNCHANGED.**

# EXCESS LIABILITY
## SCHEDULE OF UNDERLYING INSURANCE

**Policy Number:** FFX2004370-15

| UNDERLYING POLICY TYPE | LIMITS OF INSURANCE | POLICY PERIOD | CARRIER & POLICY NUMBER |
|---|---|---|---|
| General Liability | $ 1,000,000 Each Occurrence Limit<br><br>$ 1,000,000 Personal & Advertising Injury Limit<br><br>$ 2,000,000 General Aggregate Limit (Other than Products/Completed Operations)<br><br>$ 2,000,000 Products/Completed Operations Aggregate Limit<br><br>$ 1,000,000 Employee Benefit Liability – Each Employee Limit<br><br>$ 1,000,000 Employee Benefit Liability – Aggregate Limit | 12/30/2016 to 12/30/2017 | Nautilus Insurance Co ECP200436915 |
| Commercial Automobile | $ 1,000,000 Liability - Combined Single Limit | 12/30/2016 to 12/30/2017 | Brierfield Insurance Co CA100009063 |
| Commercial Automobile | $ 1,000,000 Liability - Combined Single Limit | 12/30/2016 to 12/30/2017 | Brierfield Insurance Co CA100009064 |
| Employer's Liability – Coverage B | $ 1,000,000 BI by Accident - Each Accident Limit<br><br>$ 1,000,000 BI by Disease - Policy Aggregate Limit<br><br>$ 1,000,000 BI by Disease - Each Employee Limit | 12/30/2016 to 12/30/2017 | Brierfield Insurance Co 010-WC16A-73109 |
| Pollution/Professional | $ 1,000,000 Contractors Pollution Liability Limit<br><br>$ 1,000,000 Professional Liability Limit | 12/30/2016 to 12/30/2017 | Nautilus Insurance Co ECP200436915 |
| **The coverages above are provided in the underlying policies as listed.** | | | |

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company.
All rights reserved. © 1985-2006 by Insurance Services Office, Inc., material used by permission.

FFX 8002 08 12

# ENDORSEMENT

This endorsement forms a part of the policy to which it is attached. Please read it carefully.

| EXCLUSION – UNINSURED & UNDERINSURED MOTORISTS |
|---|

It is hereby agreed and understood that coverage provided by this policy shall not apply to any obligation or liability of ours to any insured or to any liability imposed by law on any insured under any of the following coverages: uninsured motorists, underinsured motorist, auto no-fault, first party personal injury protection, first party property damage or any other coverage similar to the foregoing.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY SHALL APPLY AND REMAIN UNCHANGED.**

© 2006 by Berkley Specialty Underwriting Managers LLC, an affiliate of Nautilus Insurance Company and Great Divide Insurance Company. All rights reserved.
© 1985-2006 by Insurance Services Office, Inc., material used by permission.